UNITED STATES of America ex rel.
Mateo Roberto MURO, Petitioner,

v.

Warden J. Edwin LA VALLEE, Clinton
Prison, Dannemora, New York,
Respondent.

No. 69 Civ. 3441.

United States District Court
S. D. New York.

Oct. 14, 1969.

Mateo Roberto Muro, pro se.

Louis J. Lefkowitz, Atty. Gen. of the State of New York, New York City, for respondent; Robert S. Hammer, Asst. Atty. Gen., of counsel.

## OPINION

EDWARD WEINFELD, District Judge.

Petitioner, now serving a sentence of from three to five years at Clinton Prison, Dannemora, New York, under a judgment of conviction upon his plea of guilty to attempted assault, second degree, entered in the Supreme Court, New York County, on April 28, 1967, seeks his release upon a federal writ of habeas corpus. Petitioner was sentenced as a second felony offender and attacks his two prior convictions as constitutionally void.

Petitioner first attacks a federal conviction for forgery entered in the Eastern District of New York in August, 1938, claiming he was not represented by counsel and that he did not speak or understand English at that time. However, it is not necessary to pass upon this claim, since if either prior conviction is beyond challenge, petitioner is subject to the identical multiple offender sentence.[1]

■ The second judgment of conviction of attempted grand larceny was entered in the former Court of General Sessions, New York County. On December 3, 1946, he was sentenced to a term of from one year, three months to two years, six months. However, three days later, on December 6, 1946, evidently when his 1938 conviction was discovered, the prior sentence was vacated and he was resentenced as a multiple offender to a term of from two years, six months to five years. Such resentencing procedure was authorized under the then existing New York law.[2] The petitioner claims that this conviction is void and may not be used as a predicate for multiple offender sentencing on his 1967 conviction. The first challenge to the 1946 judgment apparently seeks to assert a claim based upon lack of adequate representation by counsel. Petitioner does not deny he was represented by an attorney at the resentencing on December 6, 1946. He only asserts that at that sentencing, "the record is barren of any participation or statements made by [the attorney] during the proceedings." Petitioner makes no allegation at all of lack of or inadequate representation at the trial itself or at the time of original sentencing. This claim is patently frivolous.

■■ His further contention that the imposition of an increased term upon resentencing rendered the judgment of conviction void also is without substance. It is unnecessary to pass upon the question whether an increase in sentence, once a defendant has commenced to serve a term, is prohibited by the double jeopardy provision of the Fifth Amendment as applicable to the states through incorporation under the due process clause of the Fourteenth Amendment.[3] Even if the resentencing were unconstitutional, it would not void the underlying conviction; it would only bar any increase in the original sentence. The remedy in such a case is to correct the sentence.[4] There is no authority for holding that an error in resentencing invalidates the underlying conviction. Since multiple offender treatment under New York law is

---

1. *See* N.Y.Penal Law of 1909, § 1941, McKinney's Consol.Laws, c. 40 (McKinney app. 1967) (repealed 1967). § 1941 was equally applicable to both second and third felony offenders.

2. N.Y.Penal Law of 1909, § 1943 (McKinney app. 1967) (repealed 1967).

3. *Compare* Benton v. Maryland, 395 U.S. 784, 793–796, 89 S.Ct. 2056, 23 L.Ed.2d 707 (1969), *and* North Carolina v. Pearce, 395 U.S. 711, 717–718, 89 S.Ct. 2072, 23 L.Ed.2d 656 (1969), *with* Ex parte Lange, 85 U.S. (18 Wall.) 163, 21 L.Ed. 872 (1873), *and* United States v. Sacco, 367 F.2d 368 (2d Cir. 1966).

4. *See* United States v. Sacco, 367 F.2d 368 (2d Cir. 1966); Crowe v. United States, 200 F.2d 526, 529 (6th Cir. 1952).

based upon previous convictions, not sentences,[5] petitioner raises no federal constitutional claim with respect to his 1967 sentence.

The petition is dismissed.

5. *See* N.Y.Penal Law of 1909, § 1941 (McKinney app. 1967) (repealed 1967).