**UNITED STATES of America ex rel. Julio PACHECO, Petitioner,**

v.

**Hon. Leland CASSELES, Warden, Sing Sing Prison, 354 Hunter Street, Ossining, N. Y., Respondent.**

No. 69 Civ. 5545.

United States District Court,
S. D. New York.

May 6, 1970.

Julio Pacheco, pro se.

Louis J. Lefkowitz, Atty. Gen. of State of New York, New York City, for respondent; Charles Kenney, Deputy Asst. Atty. Gen., of counsel.

## OPINION

EDWARD WEINFELD, District Judge.

Petitioner, confined to Sing Sing Prison, Ossining, New York, pursuant to a judgment of conviction for burglary, third degree, and possession of burglar's tools, entered upon a jury verdict in the Supreme Court, Kings County, in April, 1968, seeks his release upon a federal writ of habeas corpus. He was sentenced as a second felony offender to

concurrent terms of five to seven and a half years (burglary) and three and a half to seven years (possession). The judgment of conviction was affirmed upon appeal, where petitioner presented the constitutional claims here urged.[1] These claims of constitutional infirmity are that (1) the evidence was insufficient to support petitioner's conviction beyond a reasonable doubt, and (2) the indictment was void because an inculpatory statement made by him upon his arrest in the absence of Miranda warnings was submitted to the grand jury.

■■■ The contention of lack of evidence to support the conviction in the main centers about the possession of burglar's tools count. The claim is that a venetian blind strip or slat found on petitioner's person, which a police expert testified is commonly used to burglarize by snapping locks, could also be used for legitimate purposes. This presented an issue of fact to be resolved by the jury, and the jury was so instructed. Moreover, a reading of the minutes establishes ample evidence to support the jury determination not only on this count, but also on the burglary count. The claim that the conviction was "totally devoid of evidentiary support"[2] is without substance.

Petitioner's second claim in essence is that the indictment was unconstitutionally obtained in that an oral statement made by petitioner was introduced to the grand jury without a showing that Miranda warnings were given him. The gist of the claim is that the Miranda doctrine is applicable to grand jury proceedings as well as to trials. Petitioner, following his apprehension by a police officer several blocks away from the scene of the crime, whence he had been pursued by the victim and two citizens, admitted he had been in the burglarized home, but denied his guilt stating he had been looking for a friend. The statement was not introduced by the prosecution upon the trial (it was, however, brought out by the defense, presumably for its exculpatory aspects); it was received in evidence before the grand jury.

■■■ We need not, however, reach the merits of this claim,[3] nor the state's prior objection that nonjurisdictional defects in an indictment may not be reviewed by collateral attack on a judgment of conviction.[4] Petitioner in his present petition fails to allege as a fact that the statement he made was made in the absence of appropriate Miranda warnings. Instead, he states that "the fact that the prosecution expressly declined to introduce the statement at trial strongly indicate[s] that the statement was obtained in violation of petitioner's constitutional rights as set forth in Miranda v. Arizona. * * *" Petitioner's failure to allege that he was not given the Miranda warnings is of substantial significance.[5] The credibility of the present

1. People v. Pacheco, 32 A.D.2d 890, 301 N.Y.S.2d 427 (2d Dep't 1969); leave to appeal was denied by Chief Judge Fuld.

2. Thompson v. City of Louisville, 362 U.S. 199, 199, 80 S.Ct. 624, 4 L.Ed.2d 654 (1960).

3. Or the related claim, that the absence of state procedures to test the admissibility before a grand jury of a statement allegedly obtained contrary to the requirements of Miranda violates due process requirements.

4. United States ex rel. Mintzer v. Dros, 403 F.2d 42 (2d Cir. 1967), cert. denied, 390 U.S. 1044, 88 S.Ct. 1643, 20 L.Ed.2d 305 (1968); United States ex rel. Tangredi v. Wallack, 343 F.2d 752 (2d Cir. 1965); Castano v. United States, 313 F.2d 857 (7th Cir.), cert. denied, 374 U.S. 843, 83 S.Ct. 1899, 10 L.Ed.2d 1063 (1963); United States v. Kniess, 264 F.2d 353 (7th Cir. 1959).

5. See United State ex rel. Muro v. La Vallee, 304 F.Supp. 859 (S.D.N.Y.1969); United States ex rel. Nixon v. Follette, 299 F.Supp. 253 (S.D.N.Y.1969). The circumstantial evidence upon which petitioner relies to show that no warnings were given does not, in any event, lend much support to his position. The statement was primarily exculpatory—as defense counsel recognized by himself introducing it upon the trial—and its only inculpatory aspect, which placed petitioner in the burglarized home, added little to the powerful case against petitioner. The state's decision not to make use of a state-

claim is further weakened by the fact that, in the face of the prosecutor's statement during the pretrial colloquy that "prior to making the statement, the officer advised this defendant of his rights," —a contention explicitly noted to petitioner by the trial judge—petitioner raised no objections. In fact, his trial counsel expressly waived any objection to the admissibility of the statement, stating:

> "If the Court pleases, we are not raising any issue at this time or in the course of the trial as to whether the defendant has been advised of his constitutional rights or as to the admissibility of the statement."

Thus, on the record before this court, there is no basis on which to assume that the statement was obtained in violation of petitioner's constitutional rights. While "[p]resuming waiver from a silent record is impermissible," [6] the ambiguous claims of the present petition are insufficient to raise any factual issue of improper police conduct.

■■ In addition, even if the circumstances under which the statement was made required the giving of Miranda warnings and they had not been given, petitioner would not be entitled to the relief he seeks. The principal evidence against petitioner at the trial was the testimony of the complaining witness, Mrs. Janie Savage. The trial record reveals that Mrs. Savage also testified before the grand jury.[7] Her testimony alone would provide an ample basis for the return of the indictment, quite apart from petitioner's relatively harmless admission.[8] Thus, even if petitioner's statement should have been excluded at the grand jury proceedings, the error would be harmless beyond a reasonable doubt.[9]

The petition is dismissed.

---

ment of relatively light probative value—which decision, it might be noted, was only tentative prior to the trial—does not support the inference that the statement was unconstitutionally obtained.

6. United States ex rel. Brown v. Fay, 242 F.Supp. 273, 277 (S.D.N.Y.1965).

7. Her grand jury testimony was made available to the defense upon the trial.

8. Even where the use of incompetent or excludable evidence before the grand jury provides the basis for an attack upon the indictment on nonconstitutional grounds, the return will be sustained if there was also proper evidence before the grand jury. United States v. Kahn, 366 F.2d 259, 264 (2d Cir.), cert. denied, 385 U.S. 948, 87 S.Ct. 321, 17 L.Ed.2d 226 (1966); United States v. Tane, 329 F. 2d 848, 853–854 (2d Cir. 1964); United States v. Birrell, 242 F.Supp. 191, 205 (S.D.N.Y.1965).

9. Cf. Harrington v. California, 395 U.S. 250, 89 S.Ct. 1726, 23 L.Ed.2d 284 (1969); Chapman v. California, 386 U.S. 18, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967); United States v. Tucker, 415 F.2d 867 (2d Cir. 1969).