**UNITED STATES of America ex rel. Andor DASKAL, Petitioner-Appellant,**

v.

**Hon. Albert NENA, Warden, Manhattan House of Detention for Men, Respondent-Appellee.**

**No. 414, Docket 30426.**

United States Court of Appeals Second Circuit.

Argued April 28, 1966.

Decided May 16, 1966.

Henry B. Rothblatt, New York City (Emma A. Rothblatt, New York City, on the brief), for appellant.

Stanley M. Meyer, Asst. Dist. Atty., Kings County, N. Y. (Aaron E. Koota, Dist. Atty., Kings County, on the brief), for appellee.

Before SMITH, KAUFMAN and FEINBERG, Circuit Judges.

PER CURIAM:

Convicted of Grand Larceny in the First Degree in Supreme Court, Kings County, and sentenced to Elmira Reformatory for an indeterminate term, maximum five years, Andor Daskal brought a petition for a writ of habeas corpus alleging that certain perarrest statements made to a detective were admitted on trial in violation of Sixth and Fourteenth Amendment rights, and that his conviction is therefore invalid under Escobedo v. State of Illinois, 378 U.S. 478, 84 S.Ct. 1758, 12 L.Ed.2d 977 (1964). Judge Cashin denied the writ after a hearing, but granted a certificate of probable cause. Daskal appeals. Finding no error, we affirm.

One Morris Broker charged that Daskal received on consignment 144 Blaupunkt radios, with instructions to display them to customers, but not to sell them, and that he sold them for $11,000, did not pay for them, and kept the proceeds. After Daskal was told to appear at the office of the Kings County District Attorney, he consulted his attorney, Allen C. Ducker, and on August 13, 1963 a meeting was held at the District Attorney's office, attended by Broker and his attorney, and Daskal and Ducker. They conferred with a Mr. Marrocco, with Assistant District Attorney Ira D. London, and with Detective Peter Versakos, the investigating officer. After some conversation, during which complainant told his story, Daskal and Ducker left the room. In another room, an anteroom, foyer, or perhaps an investigation room, Daskal was approached by Detective Versakos. Ducker was about fifteen feet away, out of hearing. Daskal was not told of his right to remain silent or his right to counsel. In response to questioning, Daskal told Versakos that he got the radios, sold them, and used the

proceeds for his own use, and that a check for $5140 that he gave to Broker was not a part payment, but for an unrelated transaction. Versakos testified as to this admission at the trial without objection.[1] Daskal's story on trial was that he was sold the radios on credit, and was free to dispose of them, and that the check was in part payment.

 It is clear that Daskal came voluntarily to the meeting and conference, on the advice of counsel, and voluntarily responded to Versako's questions. In view of this court's recent holdings *en banc*, in United States v. Robinson, 354 F.2d 109 (2 Cir. 1965), and United States v. Cone, 354 F.2d 119 (2 Cir. 1965), by which we feel bound, we hold that the admission of these prearrest statements did not violate petitioner's right to counsel, since the questioning was noncoercive, and the answers wholly voluntary.[2] As in Robinson, 354 F.2d at 113, "[t]he brief and casual questioning * * * had not of the aspects of extended interrogation or incommunicado detention present in Escobedo * * *" See also United States v. Gorman, 355 F.2d 151, 156–7 (2 Cir. 1965); and United States v. Williams (2 Cir. April 26, 1966).

While it is likely that if a crime had been committed Daskal had committed it, it was proper to question Daskal to find out whether a crime had in fact been committed. For all the record discloses, all the police had to go on was Broker's complaint. Contrast, for instance, *Robinson,* where the prior search of Robinson and his companion had turned up narcotics;

even there we held that further questioning was proper.

 Thus here one apparent purpose of the questioning by Versakos was to determine whether Daskal had paid, wholly or in part, for the radios. Since payment would be a complete defense, "questioning was vital to determine whether he should be charged with a crime," Robinson, supra, 354 F.2d at 114; see also the concurring opinion of Judge Anderson, at 119, addressed to United States v. Cone, supra, that *Escobedo* "does not prohibit the police from questioning a person detained to give him an opportunity to explain himself."

The order denying the writ is affirmed.

---

[1] Trial took place May 6 and 7, 1964, before *Escobedo.* A motion in arrest of judgment, raising the Sixth Amendment problem, was later made and denied. Sentence took place October 15, 1964, after *Escobedo.* Under these circumstances, quite apart from the motion in arrest of judgment, appellant did not waive the point raised here by failure to object on trial. United States v. Currie, 354 F.2d 163 (2 Cir. 1965); Johnson v. Zerbst, 304 U.S. 458, 58 S.Ct. 1019, 82 L.Ed. 1461 (1938); contrast United

States v. Indiviglio, 352 F.2d 276, 279 (2 Cir. 1965), cert. den. 383 U.S. 907, 86 S.Ct. 887, 15 L.Ed.2d 663 (1966), and United States v. Del Llano, 354 F.2d 844, 847 note 1 (2 Cir. 1965).

[2] We take no position on the question whether Daskal in fact had counsel when questioned sufficient otherwise to satisfy the command of the Sixth Amendment, either because he came to the *meeting* with, and on the advice of, counsel, or because counsel was only fifteen feet from him during the questioning, or both.