**UNITED STATES of America,
Appellee,**

v.

**Doss JACKSON, Jr., Defendant-Appellant.**

**No. 226, Docket 31783.**

United States Court of Appeals
Second Circuit.

Argued Dec. 7, 1967.

Decided Jan. 17, 1968.

Murray M. Segal, New York City, for
appellant.

John H. Doyle, III, Asst. U. S. Atty. (Robert M. Morgenthau, U. S. Atty., for the Southern District of New York and Pierre N. Leval, Asst. U. .S. Atty., on the brief), for appellee.

Before WATERMAN, FRIENDLY and HAYS, Circuit Judges.

HAYS, Circuit Judge:

The appellant, Doss Jackson, Jr., was convicted by a jury of selling cocaine hydrochloride without a written order form in violation of 26 U.S.C. §§ 4705(a) and 7237(b). We find no error and affirm the judgment of conviction.

The government introduced evidence from which the jury could have concluded:

In April, 1966 appellant asked Charles Tobon, a business associate, whether he knew of anyone who might be able to sell or distribute narcotics. Tobon replied that he might know such a person. Thereafter Tobon telephoned the Federal Bureau of Narcotics. On April 27, Tobon, equipped by federal agents with a concealed radio transmitter, met appellant at his apartment and inquired about the narcotics. Appellant answered that his contact had told him that one Fleming, a seaman, was expected in on May 8th with narcotics and that the price would be $50,000 per kilo. Tobon said that he would discuss the price with his purchaser.

Appellant arranged to meet with Tobon and his purchaser on August 11, saying that delivery was imminent. Tobon introduced his "purchaser" as Ted Hendricks, a Las Vegas gambler and pimp. "Hendricks" was in fact Agent Heisig of the Narcotics Bureau. They discussed quantities, prices, and an expected delivery date.

On August 26, Agent Heisig telephoned appellant, who offered to sell two ounces of cocaine for $750 an ounce. Agent Heisig complained of the high price, but agreed to meet appellant at a restaurant the next day. At the restau-

rant, appellant gave Agent Heisig a small sample. They settled on a price of $1380 for the two ounces, and Agent Heisig retired to the men's room to inspect the sample. Agent Heisig returned and expressed himself as satisfied. He paid appellant $1380 and was handed two white envelopes containing cocaine.

On October 14, Agent Heisig telephoned appellant and discussed possible future transactions. This conversation was recorded on tape by Agent Heisig. A few days later appellant was arrested.

■ Appellant contends that Narcotics Agent Durham, who heard the April 27 conversation between appellant and Tobon over a radio receiver tuned to pick up signals sent by the transmitter concealed on Tobon's person, should not have been permitted to testify as to that conversation. The admissibility of this evidence is established by On Lee v. United States, 343 U.S. 747, 72 S.Ct. 967, 96 L.Ed. 1270 (1952). Appellant urges us to regard On Lee as overruled because in Lopez v. United States, 373 U.S. 427, 83 S.Ct. 1381, 10 L.Ed.2d 462 (1963) three justices expressed the opinion that it had been wrongly decided. We are in accord with what our brethren of the Ninth Circuit said recently in rejecting a similar contention:

"In reliance on the dissents in On Lee, * * * in Lopez, * * * and the concurrence in Warden Md. Penitentiary v. Hayden, 1967, 387 U.S. 294, 310–312 [87 S.Ct. 1642, 18 L.Ed.2d 782], and similar 'nose counting,' counsel asks us to say that On Lee is no longer law. The Supreme Court, however, has not so held, and we decline to anticipate that it might." Garrett v. United States, 382 F.2d 768, 772 (9th Cir. 1967).

■■ Appellant also complains of the admission of the tape recording of Agent Heisig's telephone conversation with appellant. It is settled law that a recording of a telephone conversation made with the consent of one of the parties to the conversation is admissible in evi-

dence. See Lopez v. United States, 373 U.S. 427, 437–440, 83 S.Ct. 1381, 10 L. Ed.2d 462 (1963); United States v. Leighton, 386 F.2d 822 (2d Cir. Dec. 15, 1967); United States v. Ballou, 348 F.2d 467, 468 (2d Cir. 1965).

Appellant finds fault with the trial court's handling of the defense of entrapment in several respects. He contends that inducement was established as a matter of law, so that only the issue of appellant's predisposition to commit the crime should have been submitted to the jury. This contention is refuted by To-bon's testimony that it was appellant who first broached the subject of selling narcotics. Since there was no inducement as a matter of law, appellant's alternative contention that the evidence established entrapment as a matter of law is plainly without merit. Appellant claims error in the court's failure to give *in ipsissimis verbis* four of his requested charges on entrapment. The trial court's charge contained the substance of three of the requested charges; as to them, therefore, appellant can have no complaint. See United States v. Fayette, 388 F.2d 728 (2d Cir. 1968). The fourth request was for the following charge: "An entrapped defendant may not be convicted, not because his conduct falls outside the proscription of the statute, but because, even if his guilt be admitted, the methods employed on behalf of the Government to bring about conviction cannot be countenanced." This is an incorrect statement of the law. The Supreme Court has expressed the rationale of the defense of entrapment in terms of the defendant's state of mind with respect to the matter of criminal intent. See Sherman v. United States, 356 U.S. 369, 78 S.Ct. 819, 2 L.Ed.2d 848 (1958); Sorrells v. United States, 287 U.S. 435, 53 S.Ct. 210, 77 L.Ed. 413 (1932). The view that the entrapment defense is grounded upon a refusal to tolerate certain police conduct has been expressed in the Supreme Court only in minority opinions. See *Sherman,* supra, 356 U.S.

at 378, 78 S.Ct. 819; *Sorrells,* supra, 287 U.S. at 453, 53 S.Ct. 210. Moreover, the language of the requested charge contains no standards against which a jury could apply its findings of fact, and thus is inappropriate in jury instructions.

Appellant further argues that the trial court improperly excluded proof that surveillance of appellant and a search of appellant's apartment upon his arrest revealed no evidence of dealings in narcotics. That appellant was not observed to be dealing in narcotics at another time and had no narcotics in his apartment on October 16 would not tend to disprove his participation in a sale on August 27.

While appellant was out on bail pending trial, his attorney requested an interview for him in the office of the United States Attorney in the hope of establishing a mistake in identity. The request was granted, and appellant made a statement. Appellant contends that this statement should not have been admitted at trial because the Assistant United States Attorney conducting the interview did not warn him of his rights. Since appellant was not in custody and was accompanied by counsel, no warnings were required. See United States ex rel. Daskal v. Nena, 361 F.2d 178, 180 (2d Cir.), cert. denied, 385 U.S. 874, 87 S.Ct. 150, 17 L.Ed.2d 102 (1966); United States v. Bottone, 365 F.2d 389, 395 (2d Cir.), cert. denied, 385 U.S. 974, 87 S.Ct. 514, 17 L.Ed.2d 437 (1966); Miranda v. State of Arizona, 384 U.S. 436, 477–478, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).

Appellant's final contention, that the evidence did not establish his guilt beyond a reasonable doubt, is without substance. When, as here, the crucial question is not what inferences may be drawn from the facts but which version of the facts testified to is to be believed, the scope of review is necessarily circumscribed.

Affirmed.