UNITED STATES of America, Appellee,

v.

Samuel A. KAUFER, Appellant.

No. 212, Docket 32692.

United States Court of Appeals Second Circuit.

Argued Dec. 4, 1968.

Decided Jan. 14, 1969.

Judgment Affirmed April 1, 1969. See 89 S.Ct. 1223.

in context, however, Rasmussen's denial of such intent followed his denial that he made any such promise whatsoever.

Ross Sandler, Asst. U. S. Atty. (Robert M. Morgenthau, U. S. Atty. for the Southern District of New York and Charles P. Sifton, Asst. U. S. Atty., on the brief), for appellee.

Frederick H. Block, New York City, for appellant.

Before LUMBARD, Chief Judge, FRIENDLY, Circuit Judge, and FRANKEL, District Judge.*

PER CURIAM:

This appeal turns on whether Katz v. United States, 389 U.S. 347, 88 S.Ct. 507, 19 L.Ed.2d 576 (1967), which held that the use of evidence obtained by attaching an electronic listening device to the outside of a public telephone booth was unconstitutional, and which was decided, coincidentally, on the same day we affirmed Kaufer's conviction, requires a reversal of Kaufer's conviction. We hold that it does not and we affirm the order of the district court.

Samuel A. Kaufer appeals from the denial of his motion for a writ of error *coram nobis* to set aside his conviction of bribing an Internal Revenue Service employee in violation of 18 U.S.C. § 201(b). The facts are set out in our opinion affirming the appellant's conviction. United States v. Kaufer, 387 F.2d 17 (2d Cir. 1967). The trial established that in 1966 the appellant, who was then a Certified Public Accountant, had a series of meetings with IRS Agent Charles Arney, Jr. to discuss an audit of one of his client's federal income tax returns. At one of these meetings, after being informed that an additional tax of $7,000 or $8,000 was due, appellant offered Arney $400 in cash to recommend a lower figure. Arney told the appellant that he would consider the offer. After the meeting Arney immediately told his superiors of the bribe offer, and the next day, with IRS Agent Goldenberg listening on an extension phone, Arney called appellant and told him that he would accept the offer. They agreed to meet a few days later at a subway station to complete the transaction. At this meeting, Arney carried a radio transmitter and had a recording device in his attache case. Two tapes of the conversation between Arney and Kaufer were made, one of which was admitted into evidence after the trial court determined that it was the better recording. Both Agent Arney and Agent Goldenberg testified at the trial.

Kaufer claims that the evidence of his conversations with Agent Arney, obtained by electronic devices and by the use of an extension telephone, were improperly received at the trial. He relies primarily upon the Supreme Court's decision in Katz v. United States, 389 U.S. 347, 88 S.Ct. 507 (1967), which held that attaching an electronic device to the outside of a public telephone booth constituted a violation of Fourth Amendment rights and evidence so obtained could not be used at trial.

█ Katz v. United States has no application to this case. *Katz* involved electronic surveillance performed without the knowledge of any of the participants in the intercepted conversation. The procedure used against Kaufer involved the recording of a conversation with the consent of one of the parties to that conversation, a procedure upheld in Lopez v. United States, 373 U.S. 427, 83 S.Ct. 1381, 10 L.Ed.2d 462 (1963). A recording here, as distinguished from that in *Katz*, merely serves to preserve the consenting participant's recollection. Compare *Lopez*, 373 U.S. at 439, 83 S.Ct. at 1388: "We think the risk that petitioner took in offering a bribe to Davis fairly included the risk that the offer would be accurately reproduced in court, whether by faultless memory or mechanical recording." The risk that an unknown

---

* Sitting by designation.

552

third party will intercept and record the conversation, as was done in *Katz*, is obviously of a far different order. The cases are thus clearly distinguishable, and it cannot be said, as appellant urges, that *Lopez* has been overruled, *sub silentio*, by *Katz*. See United States v. Jackson, 390 F.2d 317 (2d Cir.), cert. den., 392 U.S. 935, 88 S.Ct. 2304, 20 L.Ed.2d 1394 (1968); Dancy v. United States, 390 F.2d 370 (5 Cir. 1968); Holt v. United States, 404 F.2d 914 (10 Cir. Sept. 16, 1968). See also Katz v. United States, 389 U.S. at 363, 88 S.Ct. 507 (White, J., concurring). We are not persuaded by the contrary majority opinion of the Court of Appeals for the Seventh Circuit sitting *en banc* in United States v. White, 405 F.2d 838 decided January 7, 1969 by a divided court, with Chief Judge Castle and Circuit Judges Hastings and Fairchild dissenting.

Likewise, Kaufer's claim that his Fourth Amendment rights were violated when Agent Goldenberg listened on an extension telephone to his conversation with Agent Arney is without merit. Rathbun v. United States, 355 U.S. 107, 78 S.Ct. 161, 2 L.Ed.2d 134 (1957); United States v. Jackson, supra, 390 F.2d at 318–319; Hemphill v. United States, 392 F.2d 45, 48 (8 Cir. 1968). The logic of the *Rathbun* case, that "each party to a telephone conversation takes the risk that the other party may have an extension telephone and may allow another to overhear the conversation," 355 U.S. at 111, 78 S.Ct. at 164, is in no way undermined by the decision in *Katz*, where a conversation was overheard with the use of electronic attachments and without the consent of either of the parties. See the discussion of *Rathbun* in Lee v. Florida, 392 U.S. 378, 381, 88 S.Ct. 2096, 20 L.Ed.2d 1166 (1968). See also Dryden v. United States, 391 F.2d 214 (5 Cir. 1968).

Since we hold that Katz v. United States has no application to the facts of this case there is no need to consider the contention of the government that its holding should not be applied retroactively.