**UNITED STATES of America,
Appellee,**

v.

**Christos STAMAS, Defendant, Appellant.
No. 71–1002.**

United States Court of Appeals,
First Circuit.

Heard May 3, 1971.

Decided June 4, 1971.

George P. Jeffreys, Lowell, Mass., for appellant.

Lawrence P. Cohen, Asst. U. S. Atty., with whom Herbert F. Travers, Jr., U. S. Atty., was on brief, for appellee.

Before ALDRICH, Chief Judge, McENTEE and COFFIN, Circuit Judges.

McENTEE, Circuit Judge.

■ Defendant, a Massachusetts resident, was convicted by a jury of selling a firearm to a person he knew to be an out-of-state resident, in violation of the Gun Control Act of 1968, 18 U.S.C. § 922(a) (5) (Supp. V, 1970).[1] The sale was made to Government Agent Lindquist, a Maine resident, at a bar in Lowell, Massachusetts, where defendant was employed. Defendant made no objections at trial relating to any of the matters at issue on this appeal, nor did he move for a judgment of acquittal pursuant to Fed.R.Crim.P. 29. Inasmuch as he also failed to make timely post-trial motions for acquittal or a new trial pursuant to Fed.R.Crim.P. 29(c) and 33, the standard of review on appeal is plain error. Fed.R.Crim.P. 52(b); Silber v. United States, 370 U.S. 717, 82 S.Ct. 1287, 8 L. Ed.2d 798 (1962); Dichner v. United States, 348 F.2d 167 (1st Cir.1965).

■ Defendant's initial contention is that there was insufficient evidence for the jury to conclude that he knew Lindquist came from Maine. Indeed, Lindquist testified that he was initially introduced to defendant as Stanley Clark from Revere, Massachusetts. However, Lindquist also testified that he later told defendant that he used to reside in Revere but was now living in Maine, and the jury was certainly entitled to believe that testimony.

■ It is next contended that Lindquist's actions constituted entrapment as a matter of law. Defendant testified that, after Lindquist had asked him to sell him a "heavy" (a gun) on five or six occasions, he finally said, "Look, leave me alone. I can't get you any heavies, can't get you anything. My business is to sell whiskey not to sell guns." Defendant stated that, after that, Lindquist continued to approach him about selling a gun through a fellow employee who acted as Lindquist's intermediary. Since this testimony was clearly "some evidence tending to show unreadiness," it warranted a jury instruction on entrapment, Kadis v. United States, 373 F.2d 370, 374 (1st Cir. 1967), and a proper instruction was given by the trial court at defendant's request. The government's witness, Lindquist, specifically contradicted defendant's testimony and portrayed defendant as ready and willing at all times to make a sale as soon as a gun became available and Lindquist was ready to meet defendant's price. Whether or not, therefore, the government met its burden of proving predisposition was a jury question. United States v. Rodrigues, 433 F.2d 760 (1st Cir.1970); cf. Sherman v. United States, 356 U.S. 369, 373, 78 S.Ct. 819, 2 L.Ed.2d 848 (1958).

■ Next, defendant objects to certain evidence adduced by the prosecutor on cross-examination. Defendant had testified on direct examination that he first learned Lindquist was from Maine

1. 18 U.S.C. § 922(a) provides in relevant part:
 "(a) It shall be unlawful—
 " * * *
 "(5) for any person (other than a licensed importer, licensed manufacturer, licensed dealer, or licensed collector) to transfer, sell, trade, give, transport, or deliver any firearm to any person (other than a licensed importer, licensed manufacturer, licensed dealer, or licensed collector) who the transferor knows or has reasonable cause to believe resides in any State other than that in which the transferor resides. * * * "

when he saw a complaint against him at the Lowell Police Department signed by Kenneth Lindquist of Portland, Maine. On cross-examination the prosecutor asked him whether that complaint involved a gun case, and defendant answered that it did not. The question was unnecessary and served only to inform the jury that defendant had been in trouble with the Lowell police in connection with an unrelated matter. We note, however, that the prosecutor made no further reference to this evidence and that Lindquist's testimony throughout the trial was consistent and convincing. The evidence in question was not so virulent, nor the case so weak, that the error could not have been cured by an instruction from the trial judge, had a proper objection been made. United States v. Cotter, 425 F.2d 450, 453 (1st Cir.1970); *cf.* Odom v. United States, 377 F.2d 853, 859–860 (5th Cir. 1967).

■ In his closing argument, counsel for defendant stated that the crucial question in the case was whether defendant knew Lindquist was from Maine, emphasizing that, if defendant reasonably believed Lindquist to be from Massachusetts, he could be convicted in state court but not in federal court. In response, the prosecutor told the jury:

> "Put yourself in the place of the government and ask yourself this question: Assuming that Mr. Stamas sold this particular gun to another person and all the other elements on that [sic], what difference does it make if he's prosecuted here or in the State Court in Lowell? What difference does it make? We prosecute him here only because he sold to a person he had reason to believe or actually knew was from another state. If he sold to a person who lived in Massachusetts, he'd be prosecuted in the State Court."

This argument was in effect an attempt by the government to bolster its case by appealing to the credibility that a jury normally accords to a public official.

We have previously held that an attempt by a prosecutor to "lay his own credibility on the line" is improper in light of Rule 15 of the Canons of Professional Ethics of the American Bar Association. Patriarca v. United States, 402 F.2d 314, 320–321 (1st Cir.1968), cert. denied, 393 U.S. 1022, 89 S.Ct. 633, 21 L.Ed.2d 567 (1969). However, this statement was considerably milder than those made in *Patriarca* and, if objected to, could easily have been remedied by an instruction from the trial judge. United States v. Cotter, *supra.*

■ Defendant complains that he was denied his right to a speedy trial because the government waited six months after the offense was committed before indicting him. He argues that, in a case such as this where the government obtains all the relevant evidence on the date the crime is committed, a six-month delay should raise a presumption of prejudice since the defendant, not knowing he is going to be indicted, is likely to forget details about the events in question that are necessary for a proper defense. We have refused to adopt a presumption of prejudice arising from the mere passage of time in a post-indictment context, United States v. De-Leo, 422 F.2d 487, 494 (1st Cir.), cert. denied, 397 U.S. 1037, 90 S.Ct. 1355, 25 L.Ed. 648 (1970), and we reject it in this context as well. In a case such as this, a six-month delay might be justified, for example, by the government's need to investigate other suspected criminal activity on the part of this defendant and his associates. We therefore hold that in the pre-indictment context a defendant must also show either "improper motivation on the government's part or that he has been prejudiced" in order to succeed on a speedy trial claim. *See* United States v. De-Costa, 435 F.2d 630, 632 (1st Cir.1970); United States v. Frost, 431 F.2d 1249 (1st Cir.1970), cert. denied, 401 U.S. 916, 91 S.Ct. 896, 27 L.Ed.2d 817 (1971). In the instant case defendant has alleged neither; and there is no evidence on the record to support defendant's vague sug-

gestion that his memory of the events in question may have been impaired by the six-month delay. *Cf.* Ross v. United States, 121 U.S.App.D.C. 233, 349 F.2d 210 (1965).

■ Finally, defendant contends that he was denied effective assistance of counsel because his trial counsel failed to object to the two prosecution statements discussed *supra* and to move for acquittal or a new trial. On this question the "test is whether counsel's actions were so incompetent as to shock the conscience of the reviewing court." Allen v. VanCantfort, 436 F.2d 625, 630 (1st Cir.) cert. denied, 402 U.S. 1008, 91 S.Ct. 2189, 29 L.Ed.2d 430 (1971). We note that counsel at trial conducted a vigorous defense of his client by presenting evidence that defendant did not know Lindquist was from Maine and by effectively raising the issue of entrapment for consideration by the jury. There were no grounds for a motion for acquittal and, while counsel failed to object to two statements made by the prosecution, those remarks were not egregious.

Affirmed.