UNITED STATES of America,
Appellee,

v.

Daniel SILVA, Jr., Defendant, Appellant.

No. 71–1073.

United States Court of Appeals,
First Circuit.

Oct. 8, 1971.

Michael A. Paris, with whom Martin K. Leppo, Boston, Mass., was on brief, for appellant.

Allen R. Hoffman, Asst. U. S. Atty., with whom Herbert F. Travers, Jr., U. S. Atty., was on brief, for appellee.

Before ALDRICH, Chief Judge, McENTEE and COFFIN, Circuit Judges.

ALDRICH, Chief Judge.

In response to a promise, which we assume for present purposes he thought was enforceable (and which in fact was lived up to) that he would receive a suspended sentence with respect to a matter as to which he had already been indicted, one Sullivan agreed to telephone the defendant, and to permit the overhearing and recording by a government agent of an unlawful conversation. At his trial on a narcotics charge under 26 U.S.C. § 4705(a) the defendant contended that the recording was not an admissible wiretap under 47 U.S.C. § 605 and the rule of Rathbun v. United States, 1957, 355 U.S. 107, 78 S.Ct. 161, 2 L. Ed.2d 134, because the consent, having been induced by a promise of leniency, was not voluntary. The district court ruled against him and admitted the evidence. Defendant was convicted and now appeals. We agree that the evidence was prejudicial, if improperly received, but we hold it was not.

Defendant has a mistaken conception of involuntariness. A defendant who pleads guilty because he expects, or hopes, thereby to obtain a more palatable sentence than he might otherwise face, is not, per se, pleading involuntari-

ly. Indeed, this is so even though he at the same time asserts his innocence, provided there is strong evidence of guilt. North Carolina v. Alford, 1970, 400 U.S. 25, 91 S.Ct. 160, 27 L.Ed.2d 162; *cf.* United States v. Bednarski, 1 Cir., 1971, 445 F.2d 364. In the present circumstances, to establish involuntariness the defendant's burden is to show that Sullivan's will was overcome by threats or improper inducement amounting to coercion or duress. Kent v. United States, 1 Cir., 1959, 272 F.2d 795, 799 ("Threats or promises of illegitimate action."); *see also* United States ex rel. Dixon v. Pate, 7 Cir., 1964, 330 F.2d 126, 128, cert. denied 379 U.S. 891, 85 S.Ct. 165, 13 L.Ed.2d 95; and McClure v. United States, 9 Cir., 1965, 332 F.2d 19, cert. denied 380 U.S. 945, 85 S.Ct. 1027, 13 L.Ed.2d 963. The record discloses nothing of that character. We do not view a promise of leniency with respect to a pending indictment as coercive, at least in the absence of evidence that the indictment had been improperly brought.

To the extent, if any, that it could be thought that views in the District of Columbia may differ from ours regarding such promises, *see* United States v. Laughlin, D.D.C., 1963, 222 F.Supp. 264; *cf.* United States v. Zarkin, D.D.C., 1966, 250 F.Supp. 728; United States v. Jones, 1970, 140 U.S.App.D.C. 70, 433 F.2d 1176, 1180, we decline to follow them. We do not believe, however, that we are in the disagreement defendant suggests.

■ Defendant's remaining two points of error are without merit. His claim of per se prejudice by an unexplained two-month delay between offense and indictment goes far beyond any cited case. It presents no possible question. *See* United States v. Stamas, 1 Cir., 1971, 443 F.2d 860, 862. Defendant also complains that the trial court abused its discretion in making an unnecessary repetition in charging the jury. We have examined the charge and see no error. *Cf.* Harris v. United States, 1 Cir., 1966, 367 F.2d 633, 636, cert. denied 386 U.S. 915, 87 S.Ct. 862, 17 L.Ed.2d 787.

Affirmed.