**Clarence X. TORRY, Petitioner,**

v.

**Ernest MONTANYE, Respondent.**

**Civ–1972–407.**

United States District Court,
W. D. New York.

Dec. 12, 1975.

Stephen J. Perrello, Jr., Buffalo, N.Y., for petitioner.

Louis J. Lefkowitz, Atty. Gen. of the State of New York (Bedros Odian, Buffalo, N. Y., of counsel), for respondent.

Clarence X. Torry, presently pro se.

CURTIN, Chief Judge.

This is an application for a writ of habeas corpus. Petitioner was convicted in Niagara County Court in 1971 for selling narcotics under § 1751(1) of the former New York Penal Law. His sentence was seven to fifteen years imprisonment. The Appellate Division, Fourth Department, affirmed the conviction [*People v. Torry*, 39 A.D.2d 841, 333 N.Y.S.2d 749 (1972)], and leave to appeal to the Court of Appeals was denied. An earlier application for a writ of habeas corpus on the basis of deprivation of assistance of counsel was denied. *United States ex rel. Torry v. Rockefeller*, 361 F.Supp. 422 (W.D.N.Y.1973).

At trial, Edward F. Stillwell of the New York State Police and James Gray of the Buffalo Police Department testified that on two separate days they gave money to an informant, Arto Williams, who was acquainted with the petitioner, watched Williams go into the petitioner's home, and overheard a conversation between Williams and the petitioner in which Torry sold Williams varied amounts of narcotics. Williams had been searched thoroughly prior to entering the petitioner's home and later gave to the officers substances which were found to be heroin. The conversations were overheard by means of a transmitter placed on Williams by the police officers. Williams never testified at trial, although there is some indication that

his affidavit was used. *People v. Clarence Torry,* Indictment No. 3149, Trial Transcript [hereinafter T.Tr.] at 431–2, 487–94 (Niagara County Court, 1971).

The petitioner has filed the affidavit of Dorothy Teryl of the New York Civil Liberties Union, in which she swears that Arto Williams told her that he intended to "help" the petitioner. The petitioner argues that Williams gave a false affidavit in his case and urges this court to hold a hearing to inquire into this question of perjury. Arto Williams is no stranger to this court. Based on his affidavit of recantation in *United States ex rel. Sostre v. Festa,* 373 F. Supp. 133 (W.D.N.Y.1974), *aff'd* 513 F. 2d 1313 (2d Cir.), *cert. denied,* 423 U.S. 841, 96 S.Ct. 72, 46 L.Ed.2d 60 (1975), Williams was brought to this court to testify about his alleged perjury which resulted in the conviction of Martin Sostre. At the state trial, Williams was the chief prosecution witness against Sostre. In Sostre's case, this court concluded that it was not reasonably well satisfied that the testimony of Williams at Sostre's trial was false. The order denying Sostre's writ was affirmed. *United States ex rel. Sostre v. Festa, supra.*

Torry argues that a similar hearing should be held in this case. The major basis for a federal hearing is that Williams is not in the State of New York and, that in any state proceeding on the recantation issue, Williams could not be compelled to be present. The petitioner argues that state corrective processes are absent or ineffective. 28 U.S.C. § 2254(b). This set of facts was a crucial factor in the decision to hold a hearing in the *Sostre* case. However, there Sostre had already brought a coram nobis action in Erie County and the state court concluded it could not compel Williams' attendance and denied the writ. In addition, the attorneys stipulated in the federal habeas corpus action that any appeal in the state courts would be futile since there were no state processes available to compel Williams' appear-ance, and that any appeals in New York courts of the coram nobis proceeding would be futile. *Sostre, supra,* at 134.

In Torry's case, a motion for a new trial was made and denied orally in June of 1972, a state habeas action was filed in July of 1971, but no proceeding has been "pursued to this state's highest court." Petitioner's Memorandum at 4; Amended Petition at ¶ 23. While petitioner alleges exhaustion of all state remedies available to produce Williams in state courts, there is no indication what the efforts have been at the appellate level. As Judge Feinberg indicated in *Sostre,* the question of whether there are state processes available to force production of Williams in state courts had not been appealed by Sostre and, therefore, the New York appellate courts have not spoken on the matter. *United States ex rel. Sostre v. Festa,* 513 F.2d at 1319, n. 1 (2d Cir.) (Feinberg, concurring); *see Barber v. Page,* 390 U.S. 719, 723, 88 S.Ct. 1318, 20 L.Ed.2d 255 (1967). The fact that no appellate court has reviewed the perjury question, combined with the absence of any indication that resort to state appellate courts would be futile, necessitate a denial of the request that a hearing be held here on the perjury question. This court will not decide on the truth of Williams' affidavit since that question has not been raised in any appellate courts. The petitioner has failed to exhaust his state remedies. 28 U.S.C. § 2254(b); *Picard v. Connor,* 404 U.S. 270, 92 S.Ct. 509, 30 L.Ed.2d 438 (1971). This two-pronged question of whether state processes are available to return Williams and whether perjury was committed must first be taken through the state courts.

There are other arguments that have been presented to the New York appellate courts, and it is appropriate to consider them here. First, the petitioner argues that it was error to admit the testimony of the police officers as to the conversations they overheard by an electronic device. The same procedure was

approved by the Supreme Court in *On Lee v. United States,* 343 U.S. 747, 72 S.Ct. 967, 96 L.Ed. 1270 (1952); *see also, Lopez v. United States,* 373 U.S. 427, 83 S.Ct. 1381, 10 L.Ed.2d 462 (1963) (recordings of conversation admitted to corroborate testimony of Internal Revenue agent whom the defendant tried to bribe). While the landmark decision of *Katz v. United States,* 389 U.S. 347, 88 S.Ct. 507, 19 L.Ed.2d 576 (1967), cast doubt on the continued viability of the *On Lee* case, Justice White, speaking for a plurality of the Court in *United States v. White,* 401 U.S. 745, 91 S.Ct. 1122, 28 L.Ed.2d 453 (1971), held that *Katz* did overrule part of *On Lee.* He ruled, however, that there survived "a second and independent ground for its decision . . ."; that, since On Lee ". . . 'was talking confidentially and indiscreetly with one he trusted, and he was overheard . . .'", ". . . eavesdropping on a conversation, with the connivance of one of the parties, . . . [should not be analogized to] an unreasonable search or seizure." *United States v. White, supra,* at 750, 91 S.Ct. at 1125, citing *On Lee, supra,* 343 U.S. at 753–4, 72 S.Ct. 967; *see also, United States v. Kaufer,* 406 F.2d 550 (2d Cir.), *aff'd* 394 U.S. 458, 89 S.Ct. 1223, 22 L.Ed.2d 414, *rehearing denied,* 395 U.S. 917, 89 S.Ct. 1741, 23 L.Ed.2d 232 (1969); *United States v. Jackson,* 390 F.2d 317 (2d Cir.), *cert. denied,* 392 U.S. 935, 88 S.Ct. 2304, 20 L.Ed.2d 1394 (1968). In *United States v. White, supra,* the Supreme Court upheld a conviction in which agents who overheard an incriminating conversation testified at trial as to that conversation, and the informant did not.

■ In an attempt to escape this line of cases, the petitioner argued at the Appellate Division, and contends here, that, without the testimony of the informer, there is no way of knowing that he gave consent. However, at trial there was testimony that Williams did consent to wearing the transmitter and having his conversation overheard, or

that he did not object to the procedure. T.Tr., at 3, 101–04, 117, 134–35, 238–41. The fact that Williams "was facing a felony charge which, upon conviction, would subject him to a heavy sentence as a second felony offender . . ." (*Sostre, supra,* 513 F.2d at 1317–18), and cooperated to gain leniency does not make the consent coerced. *United States v. Silva,* 449 F.2d 145, 146 (1st Cir. 1971), *cert. denied,* 405 U.S. 918, 92 S.Ct. 942, 30 L.Ed.2d 787 (1972); *United States v. Zarkin,* 250 F.Supp. 728 (D.D.C.1966). As Judge Walsh indicated in *Zarkin, supra,* "[w]e can think of no time in which a party to a telephone conversation would permit the police to intercept that conversation when he, himself, would not seek something from the police in return . . . ." *Zarkin, supra,* at 737. The mere suggestion by police that a visit or a call be made does not negative consent. *United States ex rel. Dixon v. Pate,* 330 F.2d 126, 128 (7th Cir.); *cert. denied* 379 U.S. 891, 85 S.Ct. 165, 13 L.Ed.2d 95 (1964). Indeed, in order for consent to be ruled coerced, there must be extreme pressure by officials to consent. *See, e. g., United States v. Laughlin,* 222 F.Supp. 264 (D.D.C.1963). There is no indication from the record that Williams' will was overborne. A representation by the government that recordings were made or transmitted with the consent of an informer, or testimony from police officers involved, is sufficient to indicate that there was no unreasonable search and seizure. *See, United States v. Archer,* 355 F.Supp. 981, 990 (S.D.N.Y.1972), *rev'd on other grounds,* 486 F.2d 670 (2d Cir. 1973).

■ The petitioner further argues that the use of such testimony violates the hearsay rule of evidence. Even if suitable basis for the hearsay rule were found in constitutional law, the statements of the police officer would be admissible as admissions against interest exceptions. *On Lee, supra,* 343 U.S. at 756, 72 S.Ct. 967; *United States v. Matlock,* 415 U.S. 164, 172, 94 S.Ct. 988, 39

L.Ed.2d 242 (1974); *United States v. Nixon,* 418 U.S. 683, 700–01 & n. 13, 94 S.Ct. 3090, 41 L.Ed.2d 1039 (1974).

■■ The petitioner maintains that the absence of Williams from trial made cross-examination impossible and his constitutionally guaranteed right to confrontation was violated. *Bruton v. United States,* 391 U.S. 123, 88 S.Ct. 1620, 20 L.Ed.2d 476 (1968); *Douglas v. Alabama,* 380 U.S. 415, 85 S.Ct. 1074, 13 L.Ed.2d 934 (1965). However, that argument was never raised in the state appellate courts and will not be considered by this court. 28 U.S.C. § 2254(b). The state courts should be given the "initial 'opportunity to pass upon and correct' alleged violations of its prisoners' federal rights." *Wilwording v. Swenson,* 404 U.S. 249, 250, 92 S.Ct. 407, 409, 30 L.Ed.2d 418 (1971); *Picard v. Connor,* 404 U.S. 270, 275, 92 S.Ct. 509, 30 L.Ed.2d 438 (1971).

The petitioner contends that the failure to produce the informer, Williams, at trial results in a failure to disclose evidence favorable to the defendant [*Brady v. Maryland,* 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963)], or a use of testimony the prosecution actually or constructively knew was false. *Napue v. People of State of Illinois,* 360 U.S. 264, 79 S.Ct. 1173, 3 L.Ed.2d 1217 (1959). This court has declined to decide the perjury-false affidavit question. Therefore, there is no determination that the testimony was perjured or that Williams could have given testimony favorable to the petitioner. In light of this posture, further discussion of failure to produce the informer would be inappropriate.

■ On the direct appeal, the petitioner argued that even with the testimony of the police officers, the verdict was against the weight of the evidence. Such an allegation does not raise a federal constitutional question unless so gross a deficiency is shown as to constitute a deprivation of due process (no proof of the crime whatsoever). *United*

*States ex rel. Terry v. Henderson,* 462 F.2d 1125, 1131 (2d Cir. 1972); *United States ex rel. Griffin v. Martin,* 409 F. 2d 1300, 1302 (2d Cir. 1969); *United States ex rel. Cole v. LaVallee,* 376 F. Supp. 6, 10 (S.D.N.Y.1974); *United States ex rel. Griffin v. Vincent,* 359 F. Supp. 1072, 1077 (S.D.N.Y.1973); *United ed States ex rel. Pacheco v. Casseles,* 312 F.Supp. 554 (S.D.N.Y.1970). Here, the state court record contains evidence that the petitioner did make the sales.

■ Finally, in the state appellate court, the petitioner urged reversal on the basis of improper remarks by the prosecutor in summation. The prosecutor made several comments concerning his own experiences and his opinion of events at this trial. He said he had never seen an array of witnesses such as those presented by the defendant in this case (T.Tr., at 565), and referred to the fact that the brother of one of the witnesses had died and was "lying in a casket" while the witness was testifying for the defendant. T.Tr., at 569. Assuming these were improper statements by the prosecutor, they do not rise to the level of being "foul blows" that would necessitate reversal. *Berger v. United States,* 295 U.S. 78, 84–88, 55 S. Ct. 629, 79 L.Ed. 1314 (1935). Nor were these statements of such a type as would deny petitioner a fundamentally fair trial. *United States ex rel. Conomos v. LaVallee,* 363 F.Supp. 994, 1003–04 (S.D.N.Y.1973).

The petition for a writ of habeas corpus and the relief requested are denied in all respects.

Certificate of probable cause is granted.

Permission to appeal in forma pauperis is also granted and the petitioner may file with the Clerk of the United States District Court, United States Court House, Buffalo, New York, a notice of appeal, without the payment of filing fee.

So ordered.