**UNITED STATES of America, Plaintiff,**

v.

**Artlet SMITH, Defendant.**

**No. CR–79–36–D.**

United States District Court,
W. D. Oklahoma.

March 29, 1979.

Larry D. Patton, U. S. Atty. by Charles Lee Waters, Asst. U. S. Atty., Oklahoma City, Okl., for plaintiff.

Gordon Edwards, Jr., Duane Miller, Oklahoma City, Okl., for defendant.

## ORDER

DAUGHERTY, Chief Judge.

Upon consideration of Defendant's Motion to Suppress and supporting Brief as well as Plaintiff's Brief in opposition thereto and after conducting an evidentiary hearing on this matter, the Court determines that said Motion should be overruled.

Defendant's Motion requests the Court to suppress all of the evidence against him obtained by illegal wire-tapping and/or telephone recording. Plaintiff acknowledges that it has recorded several telephone conversations that may be introduced as evidence at the trial of this case and asserts that these recordings were made with the consent of one of the parties thereto. It was stated in open Court that transcripts of such recordings have been furnished the Defendant.

■ It appears that some of the recorded telephone conversations in question were between Defendant and William Ray Young (Young) while others were between Defendant and Charlene Berry, an Oklahoma City police officer. Evidence adduced at the evidentiary hearing held in connection with the instant Motion clearly established that the recordings sought to be suppressed were made by law enforcement officers with the consent of one of the parties to each recorded conversation, either Young or Berry. Therefore, said recordings were not violative of either Title III of the Omnibus Crime Control and Safe Streets Act of 1968, 18 U.S.C. §§ 2510–2520, or § 605 of the Communications Act of 1934, 47 U.S.C. § 605. *See Rathbun v. United States*, 355 U.S. 107, 109–110, 78 S.Ct. 161, 2 L.Ed.2d 134 (1957); *United States v. Rich*, 518 F.2d 980, 985 (Eighth Cir. 1975), *cert. denied*, 427 U.S. 907, 96 S.Ct. 3193, 49 L.Ed.2d 1200 (1976); *United States v. Bragan*, 499 F.2d 1376, 1380 (Fourth Cir. 1974); *United States v. Jackson*, 390 F.2d 317, 318–319 (Second Cir. 1968), *cert. denied*, 392 U.S. 935, 88 S.Ct. 2304, 20 L.Ed.2d 1394 (1968); *United States v. Cooper*, 365 F.2d 246, 248–249 (Sixth Cir. 1966), *cert. denied*, 385 U.S. 1030, 87 S.Ct. 760, 17 L.Ed.2d 677 (1967); 18 U.S.C. § 2511(2)(c) and (d).

However, Defendant claims that Young's consent was obtained by coercion. *Garrity v. New Jersey*, 385 U.S. 493, 497, 87 S.Ct. 616, 17 L.Ed.2d 562 (1967), defined coercion as the exertion of such pressure upon an individual as to disable him from making a free and rational choice. In the instant case, Young testified at the evidentiary hearing that he freely and voluntarily consented to the recording of his conversations with Defendant. Moreover, no evidence has been presented to the Court which would lead to the conclusion that such pressure was exerted upon Young by the government as to disable him from making a free and rational choice about consenting to the recordings. Therefore, the Court finds Defendant's contention that Young's consent was acquired through coercion by the government to be without merit. Likewise, the evidentiary record as to the consent of Officer Berry is devoid of any evi-

dence of the same being obtained by coercion. To the contrary, the consent appears to have been given freely and voluntarily.

Defendant also contends that the recorded conversations in question were obtained in violation of 21 Okla.Stat.1971 §§ 1757 and 1782 and thus should be suppressed. However, it has been held that evidence lawfully obtained in accordance with federal law by recording a telephone conversation with the consent of one of the parties thereto is admissible in federal court even if the acquisition of such evidence violated state law. *See United States v. Testa*, 548 F.2d 847, 855–856 (Ninth Cir. 1977); *United States v. Baynes*, 400 F.Supp. 285, 292 (E.D.Pa.1975), *aff'd mem.*, 517 F.2d 1399 (Third Cir. 1975).

In view of the foregoing, the Court finds and concludes that Defendant's Motion to Suppress should be overruled.