William Lyman, J.
Defendant moves to suppress evidence which she alleges was procured in violation of section 605 of the Federal Communications Act (U. S. Code, tit. 47, § 151 et seq.), through the use of a pen register intercepting telephone communications made by her from a specified telephone number. It appears that a charge is pending against defendant in the Criminal Count alleging that she used a telephone line to make calls to complainant’s place of business for the purpose of keeping busy the telephone line to said premises in an effort to injure such business by preventing or obstructing bona fide calls, in violation of subdivision 6 of section 1423 of the Penal Law (a felony). The answering affidavit of the District Attorney to the instant application states that, acting upon the complaint of the complainant herein that he was constantly receiving telephone calls at his place of business, the telephone company placed a pen register and clock on defend-
*681 ant’s telephone. The function of said register is to record the telephone numbers dialed on the subject telephone. It does not record conversations, nor are conversations overheard. Under such circumstances the court finds that there was no invasion of defendant’s right of privacy and there was no violation of section 605 of the Federal Communications Act. Moreover there was no infringement of her statutory and constitutional rights (Olmstead v. United States, 277 U. S. 438; Benanti v. United States, 355 U. S. 96; Pugach v. Dollinger, 365 U. S. 458; People v. Dinan, 11 N Y 2d 350). Motion denied.