Julius, A. Hellenbbakd, J.
This case presents novel and important questions of law not yet decided by the higher courts of this State.
Defendant moves to suppress evidence obtained through the use of a pen register on his telephone which he alleges was procured in violation of the Fourth Amendment and of section 605 of the Federal Communications Act of 1934 (U. S. Code, tit. 47, § 605), as amended by Title III of the Omnibus Crime Control and Safe Streets Act, passed by the Congress of the United States in 1968 (82 U. S. Stat. 197).
The defendant is charged with aggravated harassment under section 240.30 of the Penal Law as a Class A misdemeanor. At the time of the alleged violation, the complainant was a city councilman engaged in a primary election contest. Section 240.30 of the Penal Law provides that a person is guilty of aggravated harassment when said person with intent to harass, annoy or alarm, communicates or causes a communication to be initiated by mechanical or electronic means with a person by telephone or he makes a telephone call, whether or not a conversation ensues, with no purpose of legitimate communication.
A pen register is a device which is attached to a telephone line and which, by the use of dashes corresponding to the numbers dialed, records on a tape the telephone number called. The pen register does not record or monitor any conversation nor can it reveal whether the dialed number responded to the telephone.
The pen register was attached to defendant’s telephone wire at the central office of the telephone company without his consent or knowledge and without a court order. At the hearing to suppress, the defendant stipulated that the tapes of the pen register attached to the defendant’s telephone recorded 35 telephone calls to the complainant on May 13, 1969. The court finds as fact that as a result of a complaint made by the complainant’s wife to the New York Telephone Company on *437 May 6, 1969, the pen register was affixed to defendant’s wire on May T, 1969. Both the complainant and his wife testified as to prior telephone calls which elicited the name and telephone number of this defendant, the first call allegedly having been made on April 21, 1969, which resulted in a 20-minute conversation with defendant.
It also appears that the complainant contacted the Police Commissioner’s office shortly after the onset of the harassing calls. In response, a New York City detective interviewed the complainant’s wife. She was advised to keep a log of telephone calls and rings. Thereafter on May 6, 1969, the detective received from complainant’s wife the name of defendant and his telephone number as being a likely suspect. The police officer communicated with the New York Telephone Company and inquired as to procedure to trace calls. Upon being advised that there was such a device available the officer asked the telephone company to use whatever service they had to trace these calls.
Section 605 of the Federal Communications Act of 1934, as amended, permits interception of telephone communications under judicial orders based upon probable cause, and further retains that portion of section 605 applicable here, which reads in part as follows: “ No person not being authorized by the sender shall intercept any radio communication and divulge «= * * the existence, contents, substance, purport, effect or meaning of such intercepted communication to any person ”.
There is no longer any doubt that conversation or communication passing over a telephone is within the Fourth Amendment protection, and that the use of an electronic device to capture it is a search within the meaning of the amendment. It is also now well settled that the Fourth Amendment’s right to privacy has been declared enforceable against the States through the due process clause of the Fourteenth Amendment. (Mapp. v. Ohio, 367 U. S. 643; Berger v. New York, 388 U. S. 41; Katz v. United States, 389 U. S. 347.)
The prosecution urges that since the pen register records no conversation there is no invasion of defendant’s right to privacy and therefore no violation of section 605 of the Federal Communications Act, as amended. Only one case has been found on this subject in our State — People v. Schneider (45 Misc 2d 680) which was decided in 1965 in the Supreme Court of Bronx County. It upheld the use of the pen register, asserting that the use of the same did not violate a defendant’s right of privacy. However, the precise reason for the holding in *438 that case is not clear. In any event, section 605 of the Federal 'Communications Act was thereafter amended, to provide for judicial orders except on consent of the sender. Further, several Federal courts have, subsequent to Schneider (supra), excluded the introduction of evidence obtained by the use of the pen register, on the theory that such dialing was indeed a communication (United States v. Dote, 371 F. 2d 176; United States v. Caplan, 255 F. Supp. 805).[1]
This court holds that ‘ ‘ dialing ’ ’ is equivalent to a “ communication ”.
Depositing money in a coin box is not, in the court’s opinion, a communication. However, once the means of putting the dialing on the wires begins, the signal process is engaged and communication ensues. The unwanted receiver, of 35 calls on a “ ring and hang up ” gets the message. To insist that conversation actually takes place is to read into the statute more than is provided. Indeed, the crime of aggravated harassment under New York law is spelled out even if the phone is not answered (Penal Law, § 240.30).
In the case of United States v. Captan (255 F. Supp. 805, 808), decided in 1966, the court stated: ‘[1] The court also finds that the pen register recordation may reveal the ‘ existence ’ of a communication even though the pen register does not indicate .whether or not the call was completed. ’ ’
New York State excludes consent situations from the ambit of prohibitory search and seizures (Penal Law, §§ 250.00 250.05). We now come to determine whether section 605 of the Federal Communications Act prohibits the admission in evidence of the recordation of calls logged by the pen register without an order. This section permits authorization by the “ sender ” to “intercept” any communication. The United States Supreme Court in Rathbun v. United States (355 U. S. 107) held that the consent of the victim did not constitute an unlawful ‘ ‘ interception ’ ’ of the calls placed to him. The logic of the Rathhun case was approved in the case of United States v. Kaufer (406 F. 2d 550, 552) decided January, 1969, where the United States Court of Appeals, Second Circuit, reasoned, from Rathhun, that ‘ ‘ each party to a telephone conversation * * * may allow another to overhear the conversation ”. In Harmon v. Commonwealth (209 Va. 574), the court had before it a pen *439 register case wherein a motion to suppress was involved. The court there wrote at page 235: i£ In the case before us * * * the pen register was attached * * * with the knowledge and consent of * * * the intended recipient of the calls. If, under the Ratjibun case the listening by a third party to a telephone conversation with the consent of one of the parties to the conversation, was not an interception of communication forbidden by the statute, then surely the showing, made with the consent of Miss Reed, the intended recipient of the messages, that certain calls had been made from the telephone of the defendant to her telephone was not a violation of the federal statute.”
Most recently, the Texas Court of Appeals in the case of Carswell v. Southwestern Bell Tel. Co. (449 S. W. 2d 805), decided December 18, 1969, upheld the lawfulness of the use of a pen register by the telephone company in an annoying call situation upon the prior consent of the victim.
As an additional ground the court finds as a matter of fact that the pen register was installed by the telephone company and not by the Police Department. Therefore, as a matter of law, such installation was a product of the act of the complainant at whose instigation the telephone company installed the pen register and not the act of the public authorities. It has long been held that the constitutional prohibition against unreasonable search and seizure, which ties the hands of Government agents, does not apply to private individuals acting on their own initiative (Burdeau v. McDowell, 256 U. S. 465, Carswell v. Southwestern Bell, supra).
Finally, it may be argued that placing a pen register on a phone on consent of a ££ receiver ’’ may reveal or establish the potential for an illegal act under the eavesdropping statute (Penal Law, § 250.05), by reason of the fact that it might lead to the disclosure of a communication to a person other than the consenting party, which communication would therefore be beyond the purview of the permissible act (People v. Hormam, 22 N Y 2d 378; United States v. White, 405 F. 2d 838; United States v. Kaufer, 406 F. 2d 550, supra). However, this question is not in issue in this case.
Accordingly the court holds that in the present case the evidence obtained by the use of the pen register, under the related circumstances, was not a violation of the Federal Constitution or statutes.
The motion to suppress is denied.

 The question of whether the mere mechanical act of dialing is a communication within the law has been the subject of comment in Columbia L. Rev. (vol. 68, No. 2, Feb., 1968, p. 189); Journal of Criminal Law (Northwestern Univ. School of Law; vol. 60, No. 4, Dec., 1969, p. 455).