[No. 42208.     En Banc.     May 25, 1972.]

FERN BIXLER, *Appellant*, v. KAREN HILLE, *Respondent*.

*William C. Goodloe* and *Todd & Goodloe,* for appellant.

*Richard E. Kane* (of *Jonson & Jonson*), for respondent.

WRIGHT, J.—The question herein is the admissibility of pen register tapes.

This is an action seeking money damages and an injunction. Plaintiff and defendant are single women, living in the Seattle area. Before the institution of this action plaintiff was annoyed by ringing of her telephone. Many of the times the telephone rang in the night. Sometimes it would ring once, sometimes more, and, sometimes it would continue to ring until plaintiff finally answered. The caller's voice was never heard.

As a result, plaintiff became nervous, upset and was fearful for her safety. She was unable to learn the identity of the caller and asked the assistance of the telephone company. The telephone company found the calls came from Mercer Island.

Plaintiff was instructed to keep a log of calls and also to make a list of persons whom she knew on Mercer Island. Eventually, plaintiff gave the name of defendant to the telephone company and a pen register was placed on defendant's line. This device was located in the telephone office and recorded a series of marks representing the numbers dialed from defendant's telephone.

After getting this information, the telephone company representatives suggested to plaintiff several possible courses of action. The company could itself act, the matter could be referred to public authorities, or plaintiff could employ her own attorney. Plaintiff employed an attorney. Only then was plaintiff given access to the information obtained by the use of the pen register. Thereafter, this action was instituted.

Defendant's contention the tapes are not admissible is based upon RCW 9.73.030. The pertinent part of the statute reads:

670

[I]t shall be unlawful for any individual, . . . to intercept, record or divulge any:

(1) Private communication transmitted by telephone, telegraph, radio, or other device between two or more individuals between points within or without the state by any device electronic or otherwise designed to record and/or transmit said communication regardless how such device is powered or actuated, without first obtaining the consent of all the participants in the communication;

The difference between RCW 9.73.030 and the federal statute, 47 U.S.C. § 605, lies in the consent required. The federal statute requires consent of the sender, the state statute requires consent of all parties to the communication.

■ The pen register is a "device". It does not, however, record or intercept any conversation or communication. The pen register shows only what number has been dialed. It does not show if the receiving telephone even rang, if it was answered, nor if there was any conversation. It records the impulses from dialing and no more.

The use of the pen register has been held not to be an "interception" of a telephone call. *State v. Hulsey*, 15 Ohio App. 2d 153, 239 N.E.2d 567 (1968); *United States v. Escandar*, 319 F. Supp. 295, (S.D. Fla. 1970); *People v. Schneider*, 45 Misc. 2d 680, 257 N.Y.S.2d 876 (1965). It was said in *Antonowicz v. New York Tel. Co.*, 50 P.U.R.3d 463, 465, (1963):

[D]efendant did not overhear, record, or monitor a telephone communication, but merely took lawful means to identify particular telephone numbers and lines involved in the annoyance and nuisance calls.

■ Words in a statute are normally given their ordinary meaning. *State ex rel. Beam v. Civil Serv. Comm'n*, 77 Wn.2d 951, 468 P.2d 998 (1970); *Pacific Northwest Alloys, Inc. v. State*, 49 Wn.2d 702, 306 P.2d 197 (1957).

The word "intercept" has been defined in Webster's New International Dictionary (3d ed. 1961), as:

1. to take, seize, or stop by the way or before arrival at

the destined place: stop or interrupt the progress or course of.

2. to stop or prevent from doing something: HINDER.

The pen register does not stop, hinder, delay or prevent the communication in any way.

The pen register does not record conversations. It cannot divulge conversations. While other devices exist for such purposes, the pen register does nothing except as stated.

■ An argument is made that the mere ringing of the telephone is a communication. Such a contention is ingenious, but unreasonable. The pen register does not record the ringing of a telephone, only dialing. The act of dialing is not a communication.

It was argued a code could be established to transmit messages by the mere ringing of the telephone. Such a use of telephone equipment is improper, would probably be done for some improper purpose, and constitutes a misuse of the facilities. Such an activity would not be recorded by the pen register. The argument, therefore, that messages could be transmitted by a ringing code is without merit in this litigation.

The evidence obtained by the use of the pen register was lawful and was properly admissible. The order of dismissal is hereby reversed and the matter remanded for further proceedings not inconsistent herewith.

HAMILTON, C.J., FINLEY, ROSELLINI, HUNTER, HALE, NEILL, STAFFORD, and UTTER, JJ., concur.

Petition for rehearing denied June 23, 1972.