Allen Moss, J.
Defendant is charged with aggravated harassment (Penal Law,.§- 240.30) in that it is alleged he made about 35 telephone calls to complainant between June 14, 1972 and July 19, 1972 and did not engage in any conversation, causing annoyance and alarm to complainant. At the hearing it was brought out that the calls were made at about 2:00 a.m. and at other such hours.
This is a motion by defendant to suppress all evidence obtained by use of devices commonly called pen registers.
After a number of such calls were received by complainant, he advised the telephone company of the fact and that he suspected defendant to be the caller, together with reasons for such suspicion. The telephone company attached a pen register in its office to each of two telephones of defendant. These devices recorded the making of the calls which are the subject of the complaint and charges. No eavesdropping warrant was obtained authorizing use of the pen registers.
Defendant urges that the warrantless use of pen registers violated his constitutional rights and section 605 of the Federal Communciations Act of 1934 as amended by the Omnibus Crime Control and Safe Streets Act of 1968 (U. S. Code, tit. 47, § 605) ; and that disclosure of the information obtained by use of the pen registers separately violates his said rights and such Federal •statute.
No eavesdropping warrant was obtained, nor could one have been obtained in this case. CPL article 700 which provides for issuance of eavesdropping warrants does not apply to prosecutions for the crime here charged or to use of pen registers. By its terms it is applicable only to “ wiretapping ” and the “ mechanical overhearing of conversation ” (CPL 700.05, subd. 1); and to the prosecution of the crimes set forth in subdivision 7 of section 700.05. Aggravated harassment is not one of those crimes.
These omissions indicate the evident intent of the Legislature that eavesdropping warrants be not required for use of pen registers. This confirms what should be readily apparent, which *401 is that a pen register is not a wiretap and it does not overhear conversations. By statute wiretapping is defined (Penal Law, „.§ 250.00) as the “ intentional overhearing or recording of a telephonic or telegraphic communication * * * by means of any instrument, device or equipment. ’ ’ The same statute specifically excludes from the definition the ‘ ‘ normal operation of a telephone * * * corporation ”.
If one considers what pen registers do and how they do it, and if one also considers how telephone companies operate and how they operated in the not too distant past, it will be clear that use by the telephone company of a pen register to. monitor its equipment and facilities is lawful and not violative of any constitutional rights or the Federal Communications Act.
Pen registers record all telephone numbers dialed from a particular phone, and date, time of day and duration of each call. It does not overhear or record any conversation because it disconnects automatically before any conversation takes place.
Before there was direct dialling by telephone users (and perhaps even today in areas not blessed with the impersonal service of the dial telephone) one wishing to telephone to another person communicated with a human telephone operator and told her the number of the person to whom he wished to speak. The operator, a telephone company employee, connected the two telephones and made a record, of the calling telephone number, the called telephone number, the date, time and duration of the call. This the company needed for billing. Even today the telephone company makes such records for long distance and toll calls so that they may be billed, but modern records are made, not personally by telephone operators, but by mechanical devices similar to pen registers which monitor dial telephones for such purposes and calls. Without such records the company would have no basis for billing long distance and toll calls and no basis for correcting errors made in billing such calls. The pen register does no more than the company’s mechanical billing registers. Unless it is the law that the telephone company violates its subscribers’ and users’ constitutional rights and the Federal Communications Act every time its human operators and its recording-and bookkeeping devices and registers make such records, then the making, keeping and using of records of calls, including the numbers called from a designated telephone, the date, hour and duration of the calls and of each, is always lawful. If it is lawful to do so for billing purposes, and this cannot be doubted, then it is equally lawful for the telephone company to do so to check whether its equipment is being used to violate criminal statutes such as' *402 section 240.30 of the Penal Law, provided no conversations are overheard or recorded.
It may well he that a failure on the part of the telephone company to act as it did in this case to a complaint such as was presented to it by the complainant in this action would violate the telephone company’s duty to its subscriber who was the victim and its obligations as a public service corporation. And if pen registers could not be used in such situations then section 240.30 of the Penal Law and every other State’s similar statute becomes wholly unenforceable and the legislative intent and public policy evidenced by ' such penal laws are effectively thrwarted.
The courts of our State have taken the position that the use of pen registers as here is not unlawful. (People v. Green, 63 Misc 2d 435; People v. Magaril, 66 Misc 2d 11, affd. 38 A D 2d 698; Ringel, Searches, Seizures, Arrests and Confessions, p. 411, § 321.02 and cases cited.)
The use of the pen register as in this case was not unlawful. The information thus obtained was lawfully obtained. Defendant’s motion to suppress is denied.