[No. 42424.     En Banc.     August 16, 1973.]

PAN AMERICAN WORLD AIRWAYS, INC., *et al., Respondents,* JAPAN AIR LINES CO., LTD., *et al., Appellants,* v. ALLEN B. MORGAN, *Respondent.*

*Houghton, Cluck, Coughlin & Riley,* by *John W. Riley,* for appellants.

*Christopher T. Bayley, Prosecuting Attorney, John F. Aslin* and *Dennis E. Kenny, Deputies,* for respondent.

HUNTER, J.—This is an appeal by the plaintiffs (appellants), who are foreign and domestic airlines, from a decision of the King County Superior Court affirming an order of the Washington State Board of Tax Appeals.

There is considerable argument raised as to the facts. However, the basic facts essential to the disposition of this case are actually not in dispute. This appeal involves the relatively narrow legal question of whether equipment purchased by the plaintiffs outside of the state of Washington and shipped into the state to be placed in aircraft constructed by the Boeing Company for the plaintiffs, and thereafter transported to the purchaser as equipment in place, or as unused inventory, is taxable by this state.

The undisputed facts in this case show that the companies in this appeal are purchasers of commercial aircraft manufactured by the Boeing Company. When the plaintiffs purchase commercial aircraft from the Boeing Company they normally request modifications in the aircraft, including installation of special equipment which is either acquired by the airline itself or by the Boeing Company. This special equipment which is acquired by the airlines is referred to as buyer furnished equipment (hereinafter referred to as BFE) and includes such items as life rafts, seats, galleys, life preservers, flight recorders and radio transceivers.

Although the BFE is selected by the individual airline companies, it must meet the specifications established by the Boeing Company. The Boeing Company must consider the specific BFE which will be installed in the aircraft in the process of designing the aircraft to insure that the BFE will properly fit and that the appropriate adjustments, when necessary, are made in the structural support strength of the aircraft. The equipment is tested when appropriate and installed by the Boeing Company.

The aircraft when completed by the Boeing Company, including installation of the BFE, are delivered to destina-

tion points outside the state of Washington. These destination points occasionally coincide with the original shipment point of the BFE to the Boeing Company. The BFE which is surplus or unused is normally returned to the airline companies by means of the last aircraft of a particular series to be delivered to the airline company. The average period of time for storage of the BFE prior to installation is approximately two months and apparently no separate charge is made for the installation.

The Washington State Board of Tax Appeals, after extensive hearings, reversed the decision of the King County Board of Equalization, holding that the BFE was exempt from ad valorem taxes. In doing so, it stated in effect that: (1) The BFE had a taxable situs in King County; (2) the BFE is not entitled to an exemption from taxation under the commerce clause of the United States Constitution since it is shipped here for a business purpose; (3) the BFE is not entitled to an exemption under the free port statute, RCW 84.36.300, since it is not brought into the state of Washington for the purpose of reshipment in substantially the same form, nor is the BFE removed from the state within the meaning of the term "shipment" in RCW 84.36.300.

Pursuant to the Washington Administrative Procedures Act, the plaintiffs appealed from the Washington State Board of Tax Appeals order. The superior court affirmed the order of the board stating that it found no constitutional infirmities in the board's order and that the order did not appear to be affected by other errors of law.

The plaintiffs contend that the BFE is immune from taxation under the commerce clause of the United States Constitution (U.S. Const. art. 1, § 8). We disagree.

The rule is well established that the immunity of merchandise in interstate commerce from local taxation may be removed if the "continuity of transit test" is not met. *Minnesota v. Blasius*, 290 U.S. 1, 78 L. Ed. 131, 54 S. Ct. 34 (1933), and *Independent Warehouses, Inc. v. Scheele*, 331 U.S. 70, 91 L. Ed. 1346, 67 S. Ct. 1062 (1946),

and the cases cited therein. In *Minnesota v. Blasius, supra,* the court stated on pages 9 and 10:

[B]y reason of a break in the transit, the property may come to rest within a State and become subject to the power of the State to impose a nondiscriminatory property tax. . . . The "crucial question," in determining whether the State's taxing power may thus be exerted, is that of "continuity of transit." . . .

. . . If the interstate movement has begun, it may be regarded as continuing, so as to maintain the immunity of the property from state taxation, despite temporary interruptions due to the necessities of the journey or for the purpose of safety and convenience in the course of the movement. . . . Formalities, such as the forms of billing, and mere changes in the method of transportation do not affect the continuity of the transit. The question is always one of substance, and in each case it is necessary to consider the particular occasion or purpose of the interruption during which the tax is sought to be levied. . . .

Where property has come to rest within a State, being held there at the pleasure of the owner, for disposal *or use,* so that he may dispose of it either within the State, or for shipment elsewhere, as his interest dictates, it is deemed to be a part of the general mass of property within the State and is thus subject to its taxing power.

(Citations omitted. Italics ours.)

■ The plaintiffs' label of the articles in question defeats their contention that the articles are immune from taxation. As they state in their brief, we are concerned with what is commonly referred to as buyer furnished equipment. The label itself indicates that the property in question is designed to equip airplanes. The merchandise is sent into this state, then separated and then placed aboard the individual airplanes. The fact that the equipment is merely placed aboard the planes and that separate records and areas for storage for each airline are maintained, does not alter the fact that the goods are shipped into this state to equip airplanes which eventually leave the state. The duration of the stay within the state has no bearing upon whether or not the goods are subject to taxation if the

interruption in transit is for reasons other than those necessitated by the journey or for the purpose of safety and convenience in the course of movement. *Minnesota v. Blasius, supra.*

It is not what happens to the goods or where they finally go that is controlling, but rather the purpose and occasion for the interruption and the ability to interrupt which is controlling. *Independent Warehouses, Inc. v. Scheele, supra.* In the instant case we are concerned with goods that arrive in this state for the purpose of equipping airplanes. Whether or not the goods are actually used to equip the airplanes does not alter the fact that the goods are interrupted in transit for a business purpose, that of equipping airplanes. They may therefore be subjected to a nondiscriminatory tax. And, the plaintiffs do not allege that the taxes discriminate against them in any way.

The plaintiffs argue, however, that the transit of the equipment in question meets the "continuity of transit test" as applied in the recent case of *Odom Co. v. King County,* 78 Wn.2d 505, 477 P.2d 6 (1970). In that case we held that alcoholic beverages which were imported from other states and sold only in Alaska, with the exception of a de minimis amount of liquor which was sold to our State Liquor Control Board, were within the ambit of the commerce clause. In holding that the goods in question were protected from local taxation by the commerce clause, we stated on page 511:

> We hold that under the peculiar facts of this case as in *Lake* [*W.J. Lake & Co. v. King County,* 3 Wn.2d 500, 101 P.2d 357 (1940)], where the goods by law are prohibited from sale within this state, that they are in the stream of interstate commerce, and the taxes as attempted to be levied are in violation of the commerce clause of the United States Constitution, *supra,* and are void.

In many ways, parallels between the facts of the *Odom* case and the instant case can be drawn as the plaintiffs' brief amply demonstrates. However, the distinguishing feature is that in the *Odom* case we were concerned with

goods which were heavily regulated by statute. They could not be sold within the state, except to the State Liquor Control Board. The amount of control the owner of the goods could exert over them was limited by statute. In holding that the alcoholic beverages were exempt from local taxation we relied upon and quoted extensively from RCW 66.12.030. Section 2 of that statute appears on page 509 as follows:

> (2) Nothing in this title shall prevent the transshipment of liquor in interstate and foreign commerce; but no person shall import liquor into the state from any other state or country, except, as herein otherwise provided, for use or sale in the state, except the board.

It was this limitation and exercise of control by the state which forced the conclusion that the goods remained in interstate commerce while stored in Washington. It was for this reason that we limited our holding in that case to the "peculiar facts" of the case. No such regulation exists in the present case and thus we must be guided by the reasoning of *Minnesota v. Blasius, supra,* and *Independent Warehouses, Inc. v. Scheele, supra,* and the cases cited therein.

▮ The plaintiffs also argue that the BFE did not acquire a taxable situs in this state and thus the imposition of a tax upon it is a violation of due process. Those cases cited by the plaintiff pertain to instrumentalities of commerce. In the instant case we are not dealing with an instrumentality of commerce but rather merchandise which is shipped into this state to equip airplanes which will become instrumentalities of commerce when the manufacturing process is completed. In *Braniff Airways, Inc. v. Nebraska Bd. of Equalization & Assessment,* 347 U.S. 590, 98 L. Ed. 967, 74 S. Ct. 757 (1953), the court stated on page 598:

> While the question of whether a commodity en route to market is sufficiently settled in a state for purpose of subjection to a property tax has been determined by this Court as a Commerce Clause question, the bare question whether an instrumentality of commerce has tax situs in

a state for the purpose of subjection to a property tax is one of due process.

(Footnotes omitted.)

The question of whether or not this property is subject to local taxation is thus a commerce clause question and if the property is sufficiently settled in the state, it may be subject to local taxation. As we have heretofore stated, since the equipment in question is brought into this state for a business purpose, it may be subjected to a nondiscriminatory tax.

The plaintiffs next contend that the BFE is exempt from taxation under our free port statute, RCW 84.36.300. We disagree.

RCW 84.36.300 provides:

> There shall be exempt from taxation a portion of each separately assessed stock of merchandise, . . . out-of-state shipments of such merchandise by the taxpayer during the preceding year from that stock (and regardless of whether or not any such shipments involved a sale of, or a transfer of title to, the merchandise within this state) . . . As used in this section, the word "merchandise" means goods, wares, merchandise or material which were not manufactured in this state by the taxpayer and which were acquired by him (in any other manner whatsoever, including manufacture by him outside of this state) for the *purpose of sale or shipment in substantially* the same form in which they were acquired by him within this state or were brought into this state by him. Breaking of packages or of bulk shipments, packaging, repackaging, labeling or relabeling shall not be considered as a change in form within the meaning of this section. . . . The rule of strict construction shall not apply to this section.

(Italics ours.)

■■ Words in a statute are normally given their ordinary meaning. *Bixler v. Hille,* 80 Wn.2d 668, 497 P.2d 594 (1972), and the cases cited therein. The word "shipment" is defined in *Webster's Third New International Dictionary* (1961) as:

> 1: the act or process of shipping: the delivery of goods

to a carrier for transportation 2: a commodity, consignment, or cargo shipped—compare UNLOAD

We conclude that the shipment in question is not the traditional kind of shipment contemplated by the statute; that is, merchandise available for the purpose of shipping, but rather this buyer furnished equipment was brought into the state for the purpose of equipping planes, which is not within the contemplation of the above statute.

The plaintiffs argue, however, that under the facts of this case the equipment in question does not become a part of the airplane itself; that it has retained its same form and thus is within the ambit of the statute. We consider this argument to be immaterial for the reason that the BFE is no longer merchandise for shipment after arrival in this state since it is shipped here for the purpose of equipping airplanes. It makes no difference whether the equipment is merely laid on the airplane or fastened to some part of the plane or plugged into an electrical socket, the fact remains that upon arrival the goods are no longer merchandise for shipment as they have a purpose; they are committed to a use. The goods are no longer a commodity that is bought and sold within the traditional concept of merchandise, as used in the statute, but rather items which the owner intends be committed to a use. The act contemplates merchandise that arrives for the purpose of shipment and not merchandise that arrives in this state for the purpose of equipping or outfitting airplanes. To hold otherwise would be to assume that the purchasers of the aircraft are performing a useless act by having the purchaser ship to the Boeing Company rather than directly to their place of business.

In view of our disposition of this case, we need not reach the other arguments raised.

The decision of the trial court is affirmed.

HALE, C.J., FINLEY, ROSELLINI, HAMILTON, STAFFORD, WRIGHT, UTTER, and BRACHTENBACH, JJ., concur.