[No. 1589-2. Division Two. June 28, 1976.]

GEORGIA-PACIFIC CORPORATION, *Respondent,* v. CLARK COUNTY, *Appellant.*

*James E. Carty, Prosecuting Attorney,* and *R. A. Monaghan, Deputy,* for appellant.

*Ronald A. Roberts* (of *Eisenhower, Carlson, Newlands, Reha, Elliott & Henriot*), for respondent.

PEARSON, J.—This appeal involves the taxability of imported plywood paneling which undergoes limited processing in Washington by the taxpayer, Georgia-Pacific Corporation, prior to shipment to points outside the state. Specifically, we are required to determine whether, under the facts described below, the processing leaves the plywood *"in substantially the same form"* so as to qualify for an

exemption from personal property taxation under RCW 84.36.300.[1]

Clark County assessed Georgia-Pacific on the plywood paneling for the year 1970. The taxes were paid under protest and in this action Georgia-Pacific sought a refund. The trial court found that a portion of the panels was exempt for the reason that there was no substantial change in form. The County appeals from the order granting a refund of the taxes paid with respect to these panels. Georgia-Pacific has cross-appealed, assigning error to the trial court's determination that some of the paneling did undergo a substantial change in form so as not to qualify for the exemption under RCW 84.36.300. It is our opinion that all of the paneling is subject to personal property taxation.

■ We note first that the determination of the trial court involved the construction of a statute, RCW 84.36.300, and not a factual matter. Thus the question of whether the plywood paneling at issue here was in "substantially the same form" after processing as it was before must be reviewed as a question of law. *Lampson Equip. Rental & Sales, Inc. v. West Pasco Water Sys., Inc.*, 68 Wn.2d 172, 412 P.2d 106 (1966).

The facts in this case are not in dispute. Plaintiff imports the unfinished plywood panels from parts of Southeast Asia to Vancouver, Washington, where the panels are received for finishing by Vanport Panel Company, an independent contractor operating as a custom prefinisher. After the pa-

---

[1]RCW 84.36.300 exempts from taxation "a portion of each separately assessed stock of merchandise, . . . brought into this state by the taxpayer . . . As used in this section, the word 'merchandise' means goods, wares, merchandise or material which were not manufactured in this state by the taxpayer and which were acquired by him (in any other manner whatsoever, including manufacture by him outside of this state) for the purpose of sale or shipment *in substantially the same form* in which they were acquired by him within this state or were brought into this state by him. Breaking of packages or of bulk shipments, packaging, repackaging, labeling or relabeling shall not be considered as a change in form within the meaning of this section. . . . The rule of strict construction shall not apply to this section." (Italics ours.)

nels are processed they are reshipped to plaintiff's distribution centers for sale to the public.

The paneling arrives at Vanport in large bundles which are broken so that the individual sheets may be processed. All processing at Vanport is to one side of the panels only. Each panel is smooth-sanded and then various coats of paint are applied. Some of the panels are then subjected to further processing, during which they are grooved or embossed by having their surfaces crushed by a roller to produce a planked effect. The total processing time for each sheet is $1\frac{1}{2}$ to 3 minutes. The processing produces a change in appearance to one side of the panels only. The basic measurements of the panels, approximately 4 by 8 feet, are unchanged.

Prior to finishing, raw plywood panels such as the ones in question here are marketable primarily to custom prefinishers such as Vanport, for their own accounts, and a very nominal percentage, perhaps 6 percent, might be marketable to industrial users and to the "do-it-yourself" handyman market. In the present case, more than 90 percent of the panels imported by plaintiff to Vancouver are prefinished at Vanport and then shipped out of the state for sale to the public.

The trial court found that the panels which were only sanded and painted did not undergo a substantial change in form within the terms of RCW 84.36.300, and were therefore improperly assessed. However, with respect to those panels that underwent the additional processing, as described above, the court found that these panels were substantially changed in form and were not exempt under the statute.

■■ As stated above, the basic dispute here revolves around the meaning of the words "substantially the same form" as found in RCW 84.36.300. Normally words in a statute should be given their ordinary meaning. *Pan American World Airways, Inc. v. Morgan*, 82 Wn.2d 706, 513 P.2d 278 (1973); *Bixler v. Hille*, 80 Wn.2d 668, 497 P.2d 594 (1972). We find, however, that no precise connotation can

be attached to the words "substantially the same." *Central Mfg. Dist., Inc. v. Board of Supvrs.*, 176 Cal. App. 2d 850, 1 Cal. Rptr. 733 (1960); *cf. Atchison, T. & S. F. Ry. v. Kings County Water Dist.*, 47 Cal. 2d 140, 302 P.2d 1 (1956). The most cogent definition we have found appears in *Adams v. Edwards*, 1 F. Cas. 112, 114-15 (No. 53) (C.C.D. Mass. 1848) wherein it was stated:

> When we say a thing is substantially the same, we mean it is the same in all important particulars. It must be of the same material, when the material is important; it must be of the same thickness, when thickness is important; it must be applied in the same way, condition, and extent, . . . when either of these circumstances makes an essential difference.

Plaintiff contends the only important consideration here is that the basic panel measurements and shape remain unchanged and that the mere change in appearance is irrelevant. This argument is based on defining the word "form" as being synonymous with the word "shape" or as meaning "the shape and structure of something as distinguished from the material of which it is composed." *Webster's Third New International Dictionary* 892 (1969). Given the fact that RCW 84.36.300 encompasses much more than solid objects such as plywood paneling, we think this sense of the word "form" is much too restrictive. Referring back to the dictionary, we find "form" may also be defined as "one of the different modes of existence, action, or manifestation of a particular thing or substance: KIND, MODIFICATION, SPECIES, VARIETY." *Webster's Third New International Dictionary, supra* at 892. In this sense, "form" encompasses more than just the shape of an object, and we believe comports more realistically with the entire scope of the statute.

Considering the entire phrase "substantially the same form", and applying it to the facts herein, we cannot agree that any of the plywood paneling in question remained in substantially the same form as when it was brought into the state. We are convinced that the legislature did not intend to create a tax exemption for merchandise brought

into this state by a taxpayer, which undergoes processing here to make it suitable for an entirely different use or an entirely different market than when it arrived, notwithstanding the fact that that processing may be simple, rapid, or inexpensive. Clearly, the panels in question were not "the same in all important particulars" and therefore not in "substantially the same form", within the contemplation of the statute, when only 6 percent of the panels would have been salable, except to custom prefinishers, upon arrival here in their unfinished state, and when, after finishing at Vanport, they were marketable for another use at the retail level. We hold, therefore, that when merchandise is brought into this state by a taxpayer, and while awaiting shipment or sale the merchandise undergoes a change which makes it suitable for an entirely new market or for a different use, that merchandise has undergone a substantial change in form and is not a proper subject for a tax exemption under the provisions of RCW 84.36.300.

For this reason the judgment of the trial court, insofar as it found in favor of the assessment, is affirmed. That portion of the trial court's decision exempting a portion of the paneling from taxation and its order of a tax refund is reversed.

PETRIE, C.J., and REED, J., concur.

Petition for rehearing denied July 15, 1976.