366 So.2d 88 (1979)
Jodie ARMSTRONG and Catherine Armstrong, Appellants,
v.
SOUTHERN BELL TELEPHONE AND TELEGRAPH COMPANY, Appellee.
No. FF-274.
District Court of Appeal of Florida, First District.
January 3, 1979.
Robert G. Kerrigan, of Kerrigan & Estess, Pensacola, for appellants.
Robert P. Gaines, of Beggs & Lane, Pensacola, for appellee.
BOYER, Acting Chief Judge.
Appellants, who were plaintiffs in the trial court, here seek reversal of a summary final judgment entered in favor of the defendant there, appellee here.
In 1974 one Patricia Carroll complained to appellee Southern Bell that she was receiving harassing telephone calls. Florida Statute 365.16 proscribes the use of a telephone to annoy, abuse, threaten or harass *89 any person at the called number.[1] Subsection (4) of that statute provides that:
"All telephone companies in this state shall cooperate with the law enforcement agencies of this state in using their facilities and personnel to detect and prevent violations of this statute."
Mrs. Carroll suspected appellant Catherine Armstrong as being the source of the calls complained of. A device which records the number dialed was thereupon connected with the Armstrong telephone line for a period of one week. The device was attached to a terminal in the office of Southern Bell's Pensacola Security Manager. Both the Security Manager and his secretary had access to the terminal in his office. Any one with a head set and a pair of alligator clips could have eavesdropped on the Armstrong line through the terminal in the security office, but there is no evidence in the record that such ever occurred.
Appellants filed a complaint and later an amended complaint alleging that on July 17, 1974 employees of appellee directed that an illegal electronic surveillance device be placed upon their telephone line, thereby entitling them to a cause of action pursuant to Florida Statute 934.10. That statute provides in material part that:
"Any person whose wire or oral communication is intercepted, disclosed or used in violation of this chapter shall have a civil cause of action against any person who intercepts, discloses, or uses, or procures any other person to intercept, disclose, or use, such communications * *"
F.S. 934.03, Florida Statutes 1973, provides in material part:
"(1) Except as otherwise specifically provided in this chapter, any person who: (a) Willfully intercepts, endeavors to intercept, or procures any other person to intercept or endeavor to intercept any wire or oral communication; * * * shall be guilty of a felony * * *"
F.S. 934.02(2), Florida Statutes 1973, defined oral communication to mean "any oral communication uttered by a person exhibiting an expectation that such communication is not subject to interception under circumstances justifying such expectation". The word "intercept" is defined to mean "the aural acquisition of the contents of any wire or oral communication through the use of any electronic, mechanical, or other device". Webster defines aural as "of or pertaining to the ear or the sense of hearing".
The record is clear sub judice that the device attached to appellants' telephone lines did not itself have the capability of intercepting nor recording the contents of any oral communication. The device only recorded, by electrical impulses, telephone numbers called from the telephone to which attached. The device did not even indicate whether or not the called number responded. In other words, the device did not even indicate whether or not a communication ensued.
Although, as above mentioned, the device afforded a connection by which eavesdropping or recording equipment could have been attached no evidence was ever obtained that anyone ever actually made such a connection or that anyone actually ever listened to any conversation or communication or ever attempted so to do.
Upon such state of the record the learned trial judge granted a motion for summary judgment in favor of the defendant, appellee here, saying:
"The above cause came on for hearing upon defendant's motion for summary judgment. A careful review of the depositions and exhibits on file reveals that a very thorough and determined effort on the part of plaintiffs has failed to develop or create an issue of fact to be submitted to the jury. The evidence is without dispute that defendant's employees monitored plaintiffs' line for approximately seven days but made no attempt to intercept oral communications. There was no violation of either the Federal or the State Statutes, and plaintiffs concede there is no cause of action for invasion of *90 privacy under present law. Defendant has established that there is no genuine issue of fact or law, and it is, therefore "ORDERED AND ADJUDGED that defendant's motion for summary judgment is hereby granted * * *".[2]
The existence of a dispute as to matters not material to disposition of the case will not preclude entry of a summary judgment.[3] Our careful examination of the entire record reveals no issue of any material fact. Appellants stress a variance between contradictory statements made by a material witness wherein he first stated that the device attached to appellants' telephone lines was incapable of having a listening device or tape recorder attached to it but later stated that such device did indeed have such a capability, though denying that the capability was ever used. Although such statements were clearly contradictory they did not create an issue of material fact in the case sub judice because the question here is not whether or not the device was capable, either itself or via modification, of intercepting or recording oral communications but whether or not it in fact did so. In the latter respect the record stands uncontradicted that no oral communication was ever intercepted.
The trial court's holding that the use of a device which merely records the numbers dialed from a telephone is not a violation of the statute is amply supported by case authority. Similar statutes have been construed in the same manner by courts of other jurisdictions.[4] Indeed, the point seems to be so well settled that appellants do not even argue in their brief that the use of the device that merely records the number dialed is contrary to the provisions of the statute.
Essentially it is appellants' position, apart from their argument that the contradictory statements as to nonmaterial facts should have prevented entry of summary judgment, that since they are without knowledge as to whether or not in fact Chapter 934 Florida Statutes was violated by appellee and since knowledge as to those facts is reposed only in the minds of appellee's employees, summary judgment was improper and the credibility of the Southern Bell employees who stated that no oral communication was ever intercepted should be submitted to a jury. We are acquainted with no such rule of law.
We find that the recitals by the learned trial judge in the summary final judgment here appealed are amply supported by the record and that the record reveals nothing to the contrary. We accordingly hold that the summary final judgment here appealed should be and is
AFFIRMED.
ERVIN and MILLS, JJ., concur.
NOTES
[1] The statute also prohibits the use of a telephone for any comment, request, suggestion or proposal which is obscene, lewd, lascivious, filthy or indecent, but those proscriptions are not here material.
[2] Regarding the concession that there has been no invasion of privacy under present law, no constitutional attack has been presented directed toward the relevant statutes.
[3] See Young v. Gibbs Sanitation Service, Inc., 328 So.2d 857, (Fla. 1st DCA 1976), cert. denied, 342 So.2d 1105 (Fla. 1977).
[4] Bixler v. Hille, 80 Wash.2d 668, 497 P.2d 594 (Wash. 1972); People v. Schneider, 45 Misc.2d 680, 257 N.Y.S.2d 876 (Sup.Ct. 1965); United States v. Giordano, 416 U.S. 505, 553, 94 S.Ct. 1820, 1844, 40 L.Ed.2d 341 (1974) and United States v. Southwestern Bell Telephone Company, 8 Cir., 546 F.2d 243 (1976). See also United States v. New York Telephone Company, 434 U.S. 159, 98 S.Ct. 364, 54 L.Ed.2d 376.