OPINION OF THE COURT
John M. Leventhal, J.
The defendant, Jose Calderon, is charged in a 15-count indictment with the crime of criminal contempt in the first degree (six counts), criminal contempt in the second degree (three counts), and aggravated harassment in the second degree (six counts) for three separate incidents that allegedly occurred on January 24, January 28, and January 29, 1997.
The defendant has moved to dismiss all six counts of criminal contempt in the first degree as legally insufficient pursuant to CPL 210.20 (1) (b).
The defendant is alleged to have made repeated telephone calls to the complainant, at her residence, in violation of a valid temporary order of protection on all three dates. On January 24, the defendant is alleged to have called the complainant at her residence between 5:00 p.m. to 6:00 p.m., and asked her about her conversations with the District Attorney. The complainant told the defendant not to call her house and hung up the phone.
On January 28, the defendant is alleged to have called the complainant at her residence at approximately 11:55 in the *437 morning, although no conversation ensued. The complainant recognized the defendant’s phone number on her caller ID box and did not take the call. Finally, on January 29, the defendant is alleged to have called the complainant at her residence at approximately 1:50 in the afternoon. The defendant is alleged to have said that he wanted to see the child that he and the complainant have in common. The complainant told the defendant not to call her house. The defendant then got upset and yelled at the complainant and told her that "he didn’t give a shit about her”, that he "just wanted to know about the baby.” The complainant then hung up the phone.
Defendant, in making this motion to dismiss all six counts of criminal contempt in the first degree, contends that the acts as alleged do not constitute a violation of Penal Law § 215.51 (b) (iii) or (iv).
The defendant claims that the evidence presented to the Grand Jury was not legally sufficient to establish a violation of Penal Law § 215.51 (b) (iii) because there was no evidence that he intended to place the complainant in reasonable fear of physical injury, serious physical injury, or death. The defendant also maintains that there is no way to believe that the complainant had an objective basis for fearing physical injury as a result of the defendant’s calls. The defendant contends that the evidence was not legally sufficient to establish a violation of Penal Law § 215.51 (b) (iv) because there is a lack of evidence to support the allegation that the defendant had an intent to harass the complainant. The defendant claims that his conduct was motivated by a desire to see the child that he and the complainant have in common, not by a desire to harass the complainant. The defendant points to his expression of his desire to see his child to show that the telephone calls had a purpose of legitimate communication and therefore are not covered by Penal Law § 215.51 (b) (iv). The defendant also maintains that evidence is lacking regarding the requisite number of calls made on the three dates in question to sustain the element of "repeatedly making phone calls”.
Counts 2, 7, and 12 of the indictment are based on alleged violations of Penal Law § 215.51 (b) (iv). In considering whether there was legally sufficient evidence before the Grand Jury to establish any of the counts of criminal contempt in the first degree, the wording of the statute must first be examined. The wording of Penal Law § 215.51 (b) (iv) indicates that in order to be guilty of this offense, a person must "repeatedly make[ ] telephone calls”. (Emphasis added.) In the counts of the indict *438 ment in question the defendant is charged with making repeated telephone calls to the complainant on each of the days, namely, January 24, 28, and 29. However, a reading of the Grand Jury minutes reveals that there is no evidence that the defendant called the complainant more than once on any of the three days in question. Therefore, there was insufficient evidence presented before the Grand Jury to establish the violations of Penal Law § 215.51 (b) (iv) and, pursuant to CPL 210.20 (1), those three counts of criminal contempt in the first degree are dismissed. The defendant, arguably upon a proper factual scenario, could be charged with one count of criminal contempt in the first degree, under Penal Law § 215.51 (b) (iv), for making repeated phone calls between the dates of January 24 and 29. Yet, he may not be charged with three separate counts of making repeated phone calls.
Counts 1, 6, and 11 of the indictment are based on alleged violations of Penal Law § 215.51 (b) (iii). The language of Penal Law § 215.51 (b) (iii) indicates that a person must have "communicate[d] or cause[d] a communication to be initiated” in order to be guilty of criminal contempt in the first degree. There is no clause in the statute which, as in Penal Law § 215.51 (b) (iv), prohibits such telephone calls "whether or not a conversation ensues”. From the evidence adduced before the Grand Jury it appears that the defendant only made one call to the complainant on January 28 and that there was no communication since the complainant recognized the defendant’s phone number in her caller ID box and decided not to take the call. Hence, there was no legally sufficient evidence before the Grand Jury to establish that a violation of Penal Law § 215.51 (b) (iii) took place on January 28. Accordingly count 6 is hereby dismissed. This does not affect the validity of counts 1 or 11 of the indictment, based on Penal Law § 215.51 (b) (iii), since these counts arise out of the telephone calls that took place on January 24 and 29 where communication did occur.
As the three counts of the indictment based on Penal Law § 215.51 (b) (iv) are dismissed for lack of evidence that the defendant "repeatedly” made "telephone calls” to the complainant, the defendant’s contentions that the telephone calls had a "purpose of legitimate communication” and that he did not have an "intent to harass, annoy, threaten or alarm” the complainant need not be considered. Similarly, as to the dismissed count 6 of the indictment for the alleged violation of Penal Law § 215.51 (b) (iii) on January 28, the defendant’s contention that he did not intend to place the complainant in *439 "reasonable fear of physical injury” and that there is no way that the complainant could have an objective basis for fearing physical injury need not be considered either.
With regard to counts 1 and 11 of the indictment, conversation between the defendant and the complainant did ensue on the two dates in question. The defendant’s contentions about his intent and the reasonableness of the complainant’s fear of physical injury must be considered. The defendant’s contention that he did not intend to place the complainant in "reasonable fear of physical injury” but merely wanted to inquire about his child, is untenable in the context of the Grand Jury presentation. There was evidence that the defendant did much more than inquire about his child in the telephone calls that took place on January 24 and 29. In fact, the Grand Jury evidence indicates that the defendant did not inquire about his child at all during the January 24 conversation. Here, there was ample evidence before the Grand Jury that could allow it to determine that the defendant did "intentionally placet ]” the complainant "in reasonable fear of physical injury”. (Penal Law § 215.51 [b] [iii].) It should also be noted that the issue of the defendant’s intent is a question of fact for the jury to determine. (People v Miquez, 147 Misc 2d 482, 485, affd 153 Misc 2d 442.)
Finally, the defendant’s contention that the complainant could not have an objective basis for fearing physical injury as a result of the calls is also without merit. First, there was legally sufficient evidence before the Grand Jury, namely the testimony of the complainant, that the complainant was placed in great fear by the telephone calls from the defendant. The only question for consideration then, is whether that fear was reasonable. The defendant claims that it could not be since he was only expressing a desire to see his child. In doing so the defendant points to the first part of the January 29 telephone call and ignores both the January 24 call when he asked the complainant why she spoke to the District Attorney about his alleged violations of the order of protection and the second part of the January 29 call when it is alleged that he yelled at her and used obscenities. This evidence is sufficient to allow a Grand Jury to conclude that the complainant was placed in reasonable fear of physical injury. As the People point out, it would be reasonable for the complainant to believe, based on the defendant’s questions about her conversations with the District Attorney’s office, that the defendant might injure her if she spoke to that office again about his conduct. It would also be reasonable for the complainant to believe, based on the yell *440 ing and obscene remarks in the January 29 call, that the defendant might injure her if she prevented him from seeing his child. The Grand Jury has decided that the complainant’s fear was reasonable, and this court agrees that the Grand Jury’s assessment of the evidence presented was proper. The indictment is presumptively valid and "[i]t, or any of the counts thereof, will not be dismissed prior to trial, absent clear proof’ that the complainant’s fear was unreasonable. (People v Eason, 45 AD2d 863; People v Howell, 3 NY2d 672, 678.) Accordingly, defendant’s motion to dismiss, with respect to counts 1 and 11 of the indictment, is denied.
Finally, it should be noted that this court, in dismissing count 6 of the indictment, is not disregarding the court’s holding in People v Green (63 Misc 2d 435, 438) that dialing a phone is equivalent to a "communication”. The Green ruling was based largely on the fact that the aggravated harassment statute, Penal Law § 240.30 (2), like Penal Law § 215.51 (b) (iv), contained a clause which reads "whether or not a conversation ensues”. (People v Green, 63 Misc 2d, at 436.) On the other hand, Penal Law § 215.51 (b) (iii) requires communication. Green is also distinguishable by the fact that the case involved 35 calls, made on a "ring and hang up” basis. Here there was evidence before the Grand Jury that there was only one such call on the date in question and that it was the complainant, not the defendant, who hung up.
Accordingly, counts 2, 6, 7, and 12 of the indictment are dismissed with leave to the People to resubmit within 45 days of this decision.