EMAS, C.J.
Eric Trelles appeals from the trial court's entry of summary judgment in favor of Le Basque on claims of tortious interference with a business relationship and breach of fiduciary duty, and the subsequent entry of final judgment for damages in the amount of $ 251,519.74.
We affirm, holding (1) the trial court properly entered summary judgment on the two tort claims, as no genuine issue of material fact remained in dispute, see Cont'l Concrete, Inc. v. Lakes at La Paz III Ltd. P'ship, 758 So. 2d 1214, 1217 (Fla. 4th DCA 2000) (observing: "Issues of nonmaterial facts are irrelevant to the summary judgment determination" and a "material fact, for summary judgment purposes, is a fact that is essential to the resolution of the legal questions raised in the case");
*504 Armstrong v. S. Bell Tel. & Tel. Co., 366 So. 2d 88, 90 (Fla. 1st DCA 1979) (holding: "The existence of a dispute as to matters not material to disposition of the case will not preclude entry of a summary judgment"); (2) the damages award for future lost profits was supported by competent substantial evidence, see Alvarez v. All Star Boxing, Inc., 258 So. 3d 508 (Fla. 3d DCA 2018) ; Katz Deli of Aventura, Inc. v. Waterways Plaza, LLC, 183 So. 3d 374, 382 (Fla. 3d DCA 2013) ; W. Boca Med. Ctr., Inc. v. Marzigliano, 965 So. 2d 240 (Fla. 3d DCA 2007) ; and (3) the two tort claims were not precluded by the independent tort doctrine, see Rockledge Mall Assocs., Ltd. v. Custom Fences of Brevard, Inc., 779 So. 2d 558, 559 (Fla. 5th DCA 2001) (holding: "The contract claim and the tortious interference claim were separate and distinct causes of action rather than alternative theories of recovery for the same wrong"); Shands Teaching Hosp. & Clinics, Inc. v. Beech St. Corp., 899 So. 2d 1222, 1229-30 (Fla. 1st DCA 2005) (explaining that plaintiff's theory of the case on its tortious interference claim alleged an "ongoing business relationship" existed while the contract at issue was in force) (citation omitted)).
Affirmed.