# Third District Court of Appeal

## State of Florida

Opinion filed December 4, 2024.

_____

No. 3D24-0686
Lower Tribunal No. 2023-002129
_____

**Roberto T. Cora,**
Appellant,

vs.

**Department of Business and Professional Regulation,**
Appellee.

An Appeal from the Department of Business and Professional Regulation, Construction Industry Licensing Board.

Roberto T. Cora, in proper person.

Brooke Elizabeth Adams, Chief Appellate Counsel (Tallahassee), for appellee.

Before FERNANDEZ, BOKOR and GOODEN, JJ.

FERNANDEZ, J.

Roberto Cora, appearing pro se, appeals the Construction Industry Licensing Board's ("Board") final order of discipline in a non-formal hearing, in which Cora's construction contractor's license was put on probation for two years, Cora was ordered to complete an additional seven credit hours of continuing education, and he was ordered to pay an administrative fine in the amount of $5,000 and costs in the amount of $189.42. The Department of Business and Profession Regulation's ("Department") confesses error agreeing that the administrative fine exceeds statutory guidelines. Due to the disputed issue of material fact alleged by Cora and supported by the record, we reverse and remand the Board's final order of discipline with instructions for an administrative law judge to conduct a formal evidentiary hearing.

Cora is licensed by the Department of Business & Professional Regulation, Construction Industry Licensing Board, as a Certified Mechanical Contractor. Cora held the qualifying license for Apogee HVAC Solutions, LLC, ("Apogee") in October 2021, when Apogee contracted with homeowner, Ledys Garcia, to install a new central air conditioning unit and hot water heater in her home for $16,672.

To begin work on the project, Cora obtained permit number 2022000537 from the Miami-Dade County Building Department. Garcia filed a complaint against Cora alleging that Cora failed to complete the

2

installation, ignored her calls, and "destroyed [her] house" by drilling holes all over and incorrectly installing the water heater. Garcia also alleged that despite several warnings about an impending expired permit, Cora failed to close out the permit.

The Department filed an administrative complaint against Cora alleging a violation of section 489.129(1)(o), Florida Statutes (2021). The complaint simply states:

> 7. Respondent proceeded on the job without obtaining the applicable local building department permits and inspections.
> 8. Based on the foregoing, Respondent violated Section 489.129(1)(0), Florida Statutes, by proceeding on a job without obtaining applicable local building department permits and inspections.

The Department also recommended that the Board impose penalties. The complaint included a Notice of Rights containing the following language:

> Please be further advised that Respondent has the right to request a hearing to be conducted in accordance with Sections 120.569 and 120.57, Florida Statutes, to be represented by counsel or other qualified representative, to present evidence and argument, to call and cross-examine witnesses and to have subpoenas and subpoenas duces tecum issued on his or her behalf if a hearing is requested. Rule 28-106.111, Florida Administrative Code, provides in part that if Respondent fails to request a hearing within 21 days of receipt of an agency pleading, Respondent waives the right to request a hearing on the facts alleged. Any request for an administrative proceeding to challenge or contest the charges contained in the Administrative Complaint <u>must</u> conform to Rule 28-I06.201 5(5), Florida Administrative Code.

3

In response, Cora submitted an election of rights form seeking a formal administrative hearing, purporting to dispute the following material facts: "[V]iolations of 489.1195(1)(a) and 489.129(1)(o) are being disputed. Attached are 21 pages of support documentation for a 'motion to dismiss' election." Finding that the election of rights form did not specifically dispute material facts, the Department dismissed the form without prejudice.

In response to the dismissal, Cora submitted an "answer" with several attachments including the original election of rights form and a "motion to dismiss," in which he alleged a number of arguments including: 1) that "there was a [p]ermit on the job," and 2) that Garcia "had a problem even for granting access to the City Inspector and Apogee HVAC technicians . . . in more than one occasion, just in order to get a Final Inspection . . . [and that she] ignore[ed] City Inspector's time and A/C technicians'."

Upon receiving Cora's answer, the Department concluded that Cora failed to file an amended election of rights form disputing any material facts alleged in the administrative complaint. Therefore, the Department moved the Board to enter a final order denying Cora's request for a formal hearing,

adopting the allegations of fact and conclusions of law in the administrative complaint, and imposing a penalty.[1]

After a February 14, 2024 hearing, the Board entered a final order adopting the findings of fact and conclusions of law in the administrative complaint.[2] The Board placed Cora's license on probation for two years, ordered an additional seven credit hours of continuing education, and ordered him to pay an administrative fine in the amount of $5,000 and costs in the amount of $189.42.[3] Cora filed this appeal.

Section 120.68, Florida Statutes (2024), governs judicial review of the Board's final order. "[This Court] may set aside agency action when it finds that the action is dependent on findings of fact that are not supported by

---

[1] The Department clarified its allegation against Cora by stating, "The matter at issue in the Complaint was whether Respondent received local building department inspections for contracted work," omitting the allegation of lack of permit.

[2] The Department acknowledges that the final order incorrectly states: 1) that Cora failed to timely file a response to the administrative complaint, and 2) that the Department moved for a finding of waiver. The Department argues that this is harmless error, as the record shows that Cora filed a timely election of rights form, but that the Department moved for a final order denying Cora's motion for a formal administrative hearing based on his failure to dispute material facts.

[3] The Department concedes on appeal that Florida Administrative Code Rule 61G4-17.001(1) provides that for a first-time offender such as Cora, there be a minimum $500 fine up to a maximum $2,500 fine and probation or suspension. Without making a finding of any aggravating circumstances, the Board imposed a $5,000 fine, which is $2,500 above the disciplinary guidelines.

5

substantial competent evidence in the record, there are material errors in procedure, incorrect interpretations of law, or the agency abused its discretion." Mattino v. City of Marathon, 345 So. 3d 939, 943 (Fla. 3d DCA 2022) (quoting Galvan v. Dep't of Health, 285 So. 3d 975, 979 (Fla. 3d DCA 2019)).

The main issue before this Court is whether Cora disputed a material fact requiring a formal evidentiary hearing. We find that he did. Our Court has defined "material fact," in the summary judgment context, as "a fact that is essential to the resolution of the legal questions raised in the case." Trelles v. Le Basque Holdings, LLC, 274 So. 3d 503, 503 (Fla. 3d DCA 2019) (quoting Cont'l Concrete, Inc. v. Lakes at La Paz III Ltd. P'ship, 758 So. 2d 1214, 1217 (Fla. 4th DCA 2000)).

In his answer, Cora alleged that 1) there was a permit, and 2) Garcia did not give the City Inspector and Apogee HVAC technicians access to the home for final inspection. In its motion for a final order, the Department clarified that the allegation against Cora was for a lack of inspection only, omitting the lack of permit. However, the record supports Cora's position that Garcia did not provide access to the house for final inspection.

The record contains email correspondence between the parties showing Garcia's refusal to provide entry to her home. For example, the

6

record includes a March 1, 2022 email, sent before the permit expired in April 2022, from Apogee to Garcia stating:

> Today we had a conference call with you, our office and Y green in relation to a pending job in your house. We want to resolve this issue, first we must do the final inspection and then we will continue to finish the work, **just to remind you the inspection was never finished because of you, we made 3 appointments online with the City of Miami, and we notified you the day before and you never opened the gate for the inspector to get into the property and finish his job.** Our technician says that they fixed the holes in the roof and that they never worked in the laundry room.
> As we told you before we want to resolve this issue, **so we can make again this Friday on 03/04/2022 the Final Inspection** and by next week we will finish the Insulation job that is pending.

(Emphasis added). The record also contains a February 15, 2023 email from the Miami Dade Building Department to Cora that included a table providing the permit's history. Under "Inspection Comments," the table reads, "110.1 MET TECH ON-SITE **NO ACC TO HSE**." (Emphasis added). Under "Inspection Disposition," it reads, "Reject **No A**." (Emphasis added).

Conversely, Garcia claims that she repeatedly contacted Apogee regarding the impending permit expiration without results. There are two very different stories being told by the parties. On this basis, there is a dispute as to a material fact "that is essential to the resolution of the legal question raised in the case," requiring an evidentiary hearing. Trelles, 274 So. 3d at 503.

Accordingly, due to the disputed issue of material fact alleged by Cora and supported by the record, we reverse and remand the Board's final order of discipline with instructions for an administrative law judge to conduct a formal evidentiary hearing.

Reversed and remanded with instructions.